## ELIZABETH HAAS *et al.*

*v.*

## THE CHICAGO BUILDING SOCIETY.

1. FORECLOSURE—*appointment of a receiver of rents and profits.* A court of chancery may, where the security afforded by a mortgage is inadequate and the mortgagor unable to pay the deficiency, and a foreclosure proceeding is pending, appoint a receiver to collect the rents and profits of the mortgaged premises, if there are circumstances of fraud or bad faith on the part of the mortgagor, or other facts involved which would render a denial of the relief sought inequitable and unjust.

2. SAME—*appointment of a receiver after decree and sale—notice.* An order appointing a receiver to collect the rents and profits of mortgaged premises after final decree of foreclosure and sale, should not be entered without due notice, if notice is practicable, to the opposite party in interest. But where such party appears and resists the order, the question of notice does not arise.

3. As the necessity for the appropriation of the rents and profits to the payment of the mortgage debt may frequently not appear until after both decree and sale, a receiver to collect them may be appointed by the court

afterwards, upon a proper showing of facts and circumstances rendering such a course indispensably necessary for the mortgagee's protection, and equitable and just. The security is not exhausted by the sale, for there is a fund included in it which is secondarily liable,—the rents and profits. The power, however, after decree and sale should only be exercised in extreme cases, and to prevent palpable wrong and injustice.

4. Where the mortgage debt, as found by the decree, was $27,763.95, and the mortgagee purchased the mortgaged premises for $19,000, which was about their value, and there were three prior incumbrances, amounting to $5,000, and a mechanic's lien for $335.65, on the premises, with several years' accumulated interest thereon, and the mortgagor allowed the premises to be sold on some of these claims, so the mortgagee was forced to buy them in to protect his interests, and was compelled to pay a large amount of taxes, and a considerable sum for insurance, and it appeared that the mortgagor had no ability or intention to redeem the property, but was seeking to make all he could out of it through his. tenants in possession, and render it of as little avail as possible to the mortgagee, it was *held,* that the court did not err in appointing a receiver to take the rents and profits.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

This was originally a bill filed by Elizabeth Haas, praying for an accounting, and injunction restraining the sale of certain real estate under a power contained in two certain deeds of trust executed by the appellants, to secure indebtedness to the appellee. Appellee filed a cross-bill and a supplemental cross-bill, and an account was taken by the master, and on the hearing appellants' bill was dismissed, and a decree rendered in favor of the appellee for $24,785.56 and costs. This decree, on appeal to the Supreme Court, was affirmed, except as to the rate of interest the decree should bear, reducing it from ten to six per cent. There was due on the decree at the date of the sale $27,763.95. Sometime after the sale the appellee made application to the court for the appointment of a receiver to take charge of the income of the property sold during the continuance of appellants' equity of redemption, to be held subject to the order of the court. The court allowed the motion and appointed E. A. Crane, who filed his bond and qualified.

Mr. THOMAS SHIRLEY, for the appellants:

The receiver in this case was appointed after a decree and sale and before the time for redemption had expired, and after the appellee had acquired title to the real estate in controversy by purchase *under sale made under prior incumbrances.*

The appellants insist upon the reversal of this order appointing a receiver:

1. The statute gives appellants twelve months for redemption, and that implies the receipt of the rents, issues and profits during that time to enable them to pay off the incumbrances, appellee having exhausted its security by sale of the mortgaged premises.

2. The appellee shows title to the property under a purchase of the same under prior incumbrances, and by its own showing had acquired the legal title previous to the motion for a receiver. As the object of appointing a receiver in such a case is, the protection of the property in dispute pending litigation, the court will not appoint one on the application of a party who has the power of protecting the property without it. 2 Daniell's Chy. Prac. 1724. The party has his remedy by asserting his title in a court of law. Ibid. 1725. This he has already done in the action of forcible detainer now pending in the Superior Court of Cook county.

Messrs. GAULT & LOW, for the appellee,

After stating the facts of the case, said the principal points presented in this case are:

1. Had the court the authority to appoint a receiver in the case.

2. Did it properly exercise its discretionary powers in so doing.

Upon the first question the following points were presented and authorities cited:

The appointment of a receiver is a matter resting very largely in the sound discretion of the court, to be governed by a con-

sideration of the entire circumstances of the case.    High on
Receivers, sec. 7; Story's Eq. Jur. vol. 2, sec. 831.

The principal ground upon which courts of equity lend their
extraordinary aid by the appointment of receivers over mort-
gaged property is, the inadequacy of the security for the pay-
ment of the mortgage indebtedness, and the insolvency of
the mortgagor.    High on Receivers, sec. 666; 4 Sanf. Ch. 405;
*Brown* v. *Chase,* Walker, (Mich.) 43.

It is well settled that a court of equity may appoint a re-
ceiver after final decree.    High on Receivers, secs. 110, 625;
*Bowman* v. *Bell,* 14 Sim. 392; *Wright* v. *Vernon,* 3 Drew,
112; *Thomas* v. *Davis,* 11 Beav. 29.

As to the second question, it will be noticed that appel-
lants claim that this suit has not abated—that their equity of
redemption still exists, and as long as that exists the court
has jurisdiction over the case and the parties, and the appoint-
ment of a receiver is an incident of that jurisdiction.

These claims arose from appellants' wrongs, they having
all the revenue and paying none of the expenses, and were
this doctrine to prevail, appellants would be taking advantage
of their own wrong.

This suit was originally commenced in 1874, long before
the date of these so called legal titles, and equity having once
rightfully obtained jurisdiction, will continue the same until
substantial justice is obtained, though a court of law might
afford a remedy in the meantime.·  Story's Eq. Jur. vol 1,
sec. 643; Bouvier's Law Dic. vol. 1, p. 534.

Mr. JUSTICE BAKER delivered the opinion of the Court:

The points presented by this record are, as to the jurisdic-
tion of a court of chancery to appoint a receiver to collect
rents and profits in a suit to foreclose a mortgage, and as to
the authority to make such appointment after decree and the
sale of the mortgaged property, and, if such discretionary
power does exist, whether it was properly exercised in the
case at bar.

We find the decided weight of American authority to be in favor of the proposition that the court may, even when the mortgage does not by express words give a lien upon the income derived from such property, appoint a receiver to take charge of it and collect the rents, issues and profits arising therefrom.   Such action will not be taken, however, unless it be made to appear the mortgaged premises are an insufficient security for the debt, and the person liable personally for the debt is insolvent, or at least of very questionable responsibility. A combination of these two things seems to be required in all the cases we have examined, and in one or more of the States it is held necessary still other elements should be conjoined to these before such procedure is justified.

In *Myers* v. *Estell*, 48 Miss. 372, it was held, in the absence of any stipulation in the contract that the mortgagee shall have the rents and profits, he has no claim thereto merely on the ground that the debt is due and the title has become absolute, but is only entitled to a receiver for the collection and appropriation of the rents when the property is insufficient to pay the debt, and the mortgagor is insolvent or unable to pay any deficiency that might remain after sale of the property mortgaged.

In *Hyman* v. *Kelley*, 1 Nev. 179, the court, after stating that courts of equity have usually appointed a receiver where the property was insufficient to pay the mortgage debt and the mortgagor was insolvent, review the facts of the case before them, and find therein other equitable circumstances to exist to justify the granting of the relief sought, and they reverse the action of the lower court and say, " We think there are many cases where such an appointment is necessary to prevent fraud and injustice and loss of security."

In the *Sea Insurance Company* v. *Stebbins*, 8 Paige Chy. 565, it was held, that to justify such appointment in a foreclosure suit, there must be shown, first, a deficiency in the value of the mortgaged property, and secondly, that the mortgagor, or other person personally liable for the debt, is irre-

sponsible or is unable to pay the expected deficiency. The same rule is announced in *Astor* v. *Turner*, 11 Paige Chy. 436, in *Warner* v. *Gouverneur's executors*, 1 Barb. 38, and in other New York cases.

In *Cheever* v. *R. & B. R. R. Co.*, reported in 39 Vt. 654, the doctrine is recognized that the court will appoint a receiver in foreclosure proceedings, for the purpose of preserving the property and its rents and profits from waste and diversion.

In Michigan, in the case of *Brown* v. *Chase*, Walker's Ch. 43, it is said: "A receiver of the rents and profits of mortgaged premises is sometimes appointed on the petition of the mortgagee, after he has filed his bill to foreclose the mortgage. The court must be satisfied, before making the appointment, that the mortgaged premises are insufficient to pay the mortgage debt, and that the mortgagor, or other party to the suit who is personally liable for its payment, is insolvent or out of the jurisdiction of the court, so that an execution against him for the balance that should remain due after a sale of the mortgaged premises, would be unavailing."

In *Finch, Admr.* v. *Houghton*, 19 Wis. 150, where it appeared the whole mortgage debt was past due and a considerable amount of interest remained unpaid, and the owner of the equity of redemption, in possession, neglected to pay the taxes, and where the evidence tended to show he had endeavored to obtain tax deeds upon the mortgaged property to defeat the mortgage, and also, the mortgaged premises were not an adequate security, and the parties personally liable were not able to pay the deficiency which might arise upon a sale, it was held, the court below did not err in appointing a receiver of the rents and profits.

The doctrine that a receiver may be appointed, under circumstances sufficiently strong and clear, in a suit to foreclose a mortgage, is also recognized by the Supreme Court of Iowa, in *Callaran* v. *Shaw*, 19 Iowa, 183.

In *Henshaw* v. *Wells*, 9 Humphreys, 568, the Supreme Court

of Tennessee affirmed a decree appointing a receiver in fore-closure proceedings.

In New Jersey the courts will not appoint a receiver simply because the mortgagor is insolvent and the security insufficient, but they will, when coupled with these facts are circumstances of fraud or bad faith in appropriating the rents for other pur-poses than keeping down the interest, or when the security has materially depreciated in value. *Cartelyen* v. *Hathaway*, 3 Stock. 41.

It is held, in California, that in a foreclosure suit the plain-tiff has no right to have a receiver of rents and profits of the mortgaged property appointed, but that decision is based on a peculiar statutory provision of that State, which expressly confines the remedy of the mortgagee to à foreclosure and sale. *Guy* v. *Ide*, 6 Cal. 99.

We take it, then, to be undoubted law, the court of chancery may, where the security is inadequate and the mortgagor unable to pay the deficiency, and a foreclosure proceeding is pending, appoint a receiver, if there are circumstances of fraud or bad faith on the part of the mortgagor, or other facts in-volved which would render a denial of the relief sought inequitable and unjust. It is not necessary, for the decision of the case before us, we should express an opinion as to whether such appointment should be made where circumstances and facts, such as we have referred to, do not exist in con-junction with the two elements first spoken of, and it will be time enough to dispose of that question when it arises.

It is objected in this case, the appointment was made after decree of foreclosure and after sale and before the time allowed by law for the redemption of the premises had expired. It is urged by appellants, that appellee had exhausted its security by a sale of the mortgaged premises, and the statute gave them twelve months for redemption, and, it is claimed, that implies the receipt of the rents, issues and profits during that time, to enable them to pay off the incumbrances.

In *Bowman* v. *Bell*, 14 Simons, 392, the English High

Court of Chancery appointed a receiver on motion, after decree, and though not prayed for by the bill. It is stated by High, in his treatise on the law of Receivers, sec. 110: "While it rarely happens that courts are called upon to appoint a receiver after a final decree in the cause, the power of appointment after decree is well settled, and is exercised in cases of great emergency, or where the relief is indispensable for the protection of the parties in interest." And *Wright* v. *Vernon,* 3 Drew, 112, and other English authorities, are cited as supporting the text. In *Thomas* v. *Davies,* 11 Beavan, 29, a case calling very strongly for such relief, a receiver of the rents of the mortgaged premises was allowed after a decree of foreclosure.

In *Hyman* v. *Kelley, supra,* there had been a judgment of foreclosure, and the premises had been sold under it, and bid in at the sheriff's sale, by the plaintiff, for less than the amount of his debt, and the six months allowed by statute had not expired, and the plaintiff was not invested with title, under the statute; and yet it was held, under the circumstances of that case, the motion for a receiver should have prevailed, and the judgment of the court below was reversed.

*Astor* v. *Turner,* 11 Paige, 436, is a still stronger case. There, the premises had been sold by the master and bid in by the complainant, leaving a deficiency of $600 due upon the decree. The appellant was the owner of the equity of redemption, and was in possession of the premises, by his tenants, at the time of the sale. By the terms of the decree, the purchaser was not entitled to the possession of the premises until after the rents would become due and payable. The mortgagor being insolvent, the vice-chancellor directed a receiver of those rents to be appointed, and that they should be applied to the payment of the deficiency remaining due upon the decree. On appeal, Chancellor WALWORTH said: "He was clearly right. If the purchaser had been entitled to the immediate possession of the premises, the rents which fell due the next day would have belonged to him. The legal presumption, in that case,

would have been, that he had purchased in reference to such right, and had given more for the premises than he otherwise would have done, on account of such rents and profits. Here, however, the purchaser was not entitled to the rents which would become due before his right to the possession of the premises was to commence, even if the order to confirm the master's report should be entered immediately. And if there had been no deficiency, those rents would have belonged to the owner of the equity of redemption. But the mortgagee had an equitable right to such rents, to pay the deficiency, which right could only be enforced by an application to the court to appoint a receiver. The final decree stands in full force, and the order to apply these rents towards the deficiency, due from an insolvent mortgagor, is merely a collateral remedy against this fund, which, in equity, was secondarily liable for the payment of such deficiency." Substantially to the same effect is *Howell* v. *Ripley*, 10 Paige, 43.

Where a court of chancery obtains jurisdiction of the subject matter of a suit, it will retain jurisdiction until complete justice has been done between the parties; and such jurisdiction is frequently exercised in case of a foreclosure of mortgage, after final decree and sale, by putting the purchaser in possession, by rendering a decree for any residue unpaid after sale of the property and awarding execution therefor, and in other ways. Of course, in the matter of an application such as we are now considering, no order of the kind here made should be entered after final decree, without due notice, if notice is practicable, to the opposite party in interest. But no question of notice properly here arises, as the appellants were fully heard upon the matter, and introduced numerous affidavits, which were considered by the court before finally determining as to the appointment of a receiver.

The necessity for the appropriation of the rents to the payment of the mortgage debt may frequently not appear until after both decree and sale. The amount due is often matter of dispute, and can only be determined by the decree, and

what the property will sell for can only be ascertained with certainty from the result of the judicial sale. If an appropriation of the rents on the indebtedness is justified by the surrounding facts before sale, we see no good reason why the same and more weighty facts existing after sale may not warrant a similar procedure. The security, plainly, is not exhausted by the sale, for there is a fund included in it which is secondarily liable. It is true, the mortgagee has elected to foreclose and sell, but then he has pursued that remedy to the end and without getting satisfaction of his debt, and he may avail himself of any just and equitable means of collecting the residue,—not that he may have such extraordinary remedy in all cases of a deficit in the proceeds, but only where it is indispensably necessary for his protection, and just and equitable. .

We hold, then, both upon the principles of equity that lie at the foundation of the chancery court, and upon authority, a receiver may sometimes. be allowed after decree and sale, and that a mortgagee does not, in all cases, exhaust his security by a foreclosure and sale. It is, however, a power that the chancellor would be slow to exercise except in an extreme case, and to prevent palpable wrong and injustice.

The points made, that the court will not appoint a receiver on the application of a party who has the power of protecting the property without it, and that appellee has its remedy by asserting its title in a court of law, do not strike us with much force as applied to the matter now in hand. It is true, it appears, from affidavits filed, appellee claims ownership of the premises under deeds based upon a mechanic's lien proceeding and upon a sale made under a prior incumbrance. But these claims are contested, and both appellants swear, in their affidavits, that the title to said real estate is in the appellant Elizabeth Haas. The titles of appellee are not displayed in this record, and we are unable to determine therefrom it has such title as it could effectually assert in the law court. Besides, such alleged titles grew out of subject mat-

ters wholly disconnected with this suit, and are independent of the right here involved, and equity having once obtained jurisdiction will retain the same, notwithstanding appellee may have since acquired some legal right by which it could get possession in the law court.

Counsel for appellants make no points in their brief upon the questions of fact involved. We have examined the affidavits submitted on the motion and contained in the record. The decided weight of the testimony shows the mortgaged premises are a grossly inadequate security for the mortgage debt. The decree of the court was for $27,763.95, and appellee purchased the property at the sale for $19,000, leaving a balance of $9,079.95 unpaid. The amount bid seems to have been about the value of the property. Then there were three prior incumbrances amounting to $5000, and a mechanic's lien for $335.65. All this without calculating any interest on the decree which was entered in January, 1875, and without taking into consideration several years of accumulated interest on the other incumbrances.

Appellants allowed the premises to be sold on some of these claims, and appellee was forced to buy them in to protect its interests. Appellants have failed to pay the taxes for years, and appellee has been compelled to pay $580.80 taxes thereon, and there was, at the time the motion was submitted, $613.56 unpaid taxes due. Appellee also paid $487.85 for insurance on the buildings, but the conduct of Elizabeth Haas was such that the companies refused to reinsure, and one of them canceled its policy. Appellants prosecuted an unsuccessful appeal from the decree of foreclosure to this court, and have, from the date of the decree, been in possession of the premises, by their tenants, and have collected the rents and have used them as a means of support for the family, allowing interest on the several liens to accumulate, and leaving the taxes wholly unpaid, and allowing some of the incumbrances to culminate into what may be valid legal title. It is evident that they have no ability to or intention of redeeming the

property, and are seeking to make all out of it they can, and render it as little available to appellee as possible. The statements, in their affidavits, seeking to question the amount due appellee, and for which decree was rendered, avail nothing, as that matter is *res adjudicata.*

Under the peculiar circumstances of the case, we can not say the order of the circuit court appointing a receiver was erroneously made, and the judgment of that court must be affirmed.

*Judgment affirmed.*