## Thomas Knox, Sr.,
### v.
## Louis Oswald.

*Mortgages—Crop Raised after Foreclosure and Sale—Rights of* Bona Fide *Purchaser.*

1. Where a mortgagor remains in possession after foreclosure and sale, and produces a crop, one who purchases such crop in good faith and before the appointment of a receiver, will be protected.

2. In the case presented it is held that the court below improperly ustained exceptions to the answer, which distinctly denies the good faith of the purchaser of the crop.

[Opinion filed August 26, 1886.]

APPEAL from the Circuit Court of Greene County; the Hon. CYRUS EPLER, Judge, presiding.

Mr. MARK MEYERSTEIN, for appellant.

When the mortgagor is left in possession, the true inference to be drawn is an agreement that he shall possess the premises at will in the strictest sense, and he is not even entitled to reap the crop.

The crops growing on mortgaged land are covered by the mortgage, whether planted before or after its execution, until they are severed, and the lien of the mortgagee attaches as well to the crops as to the land. Rankin v. Kinsey, 7 Ill. App. 215; Yates v. Smith, 11 Ill. App. 459; Anderson v. Strauss, 98 Ill. 485; Turner v. Armstrong, 9 Ill. App. 24; Sugden v. Beasley, 9 Ill. App. 71.

The sale under foreclosure did not exhaust the mortgage lien. Haas v. Chicago Building Society, 89 Ill. 498.

Mr. JOHN G. HENDERSON, for appellee.

The purchaser takes crops growing at time of sale. Jones v. Thomas, 8 Blackf. 428. But where a purchaser under a foreclosure sale suffers the mortgagor or one claiming under

him, to occupy the premises without interference, the occupant may plant crops and claim them as emblements. 1 Washb. Real Prop., 138, Sec. 21; Allen v. Carpenter, 15 Mich. 38.

The case at bar is a stronger one than the Michigan case, for it seems that the mortgagee dispossessed the mortgagor at the end of three months in that case, while in this case the mortgagor is still in the undisturbed possession of the premises.

The mortgagee may at any time, after default, enter and take possession of the land by ejectment or writ of entry, though he can not make the mortgagor account for past or bygone rents, for he possessed in his own right, and not in the character of a receiver. Silverman v. N. Y. Mutual Life Ins. Co., 5 Ill. App. 124.

After condition broken, the mortgagee may enter and render his security productive by the perception of the rents and profits. But, like owner of the freehold, the mortgagor is not required to account to the mortgagee for rents and profits while he remains in possession. Moore v. Tatman, 44 Ill. 367 ; M., V. & W. R. R. Co. v. U. S. Ex. Co., 81 Ill. 534 ; Amer. Bridge Co. v. Heidelbach, 94 U. S. 798.

CONGER, J. A bill in chancery was filed by appellant Knox, to foreclose a mortgage executed to him by Roberts, a decree obtained, and on the 30th of April, 1885, the Master in Chancery sold the land, and Knox became the purchaser for $3,300, leaving a deficiency of the total amount of the decree, interest and costs, of $478.49. Roberts remaining in possession in the spring of 1885 and after the sale, planted a crop of corn upon the premises and on the 18th day of August, 1885, as Oswald claims, he bought said crop of corn from Roberts for a valuable consideration, and in good faith.

It also appears that on September 11, 1885, an execution was issued for said deficiency against Roberts, and was returned September 15, 1885, by the Sheriff, *nulla bona*. On the 2d day of October, 1885, on the petition of Knox and by virtue of a provision of the mortgage, the court in the same case

entered an order appointing a receiver to take charge of and sell said corn crop.

At the February term, 1886, the said Oswald filed a petition showing that he purchased said corn in good faith without any knowledge that Knox had any claim upon it, that he is the owner of it, etc.

To this petition Knox filed an answer setting up at length the foreclosure proceedings, the sale, the deficiency, the appointment of a receiver, and concludes with an averment that Oswald did not purchase the corn in good faith or otherwise, and that such pretended purchase is only a pretense to defraud him, etc. Exceptions to this answer were filed, sustained by the court, and a decree entered finding the property in the corn to be in Oswald, from which finding of the court Knox appeals.

The question presented is not, as counsel for appellant seem to suppose, whether all crops growing upon the mortgaged premises at the sale pass to the purchaser, nor the power of the receiver to collect the rents, issues and profits arising out of the land, nor whether the mortgage security was· exhausted by the sale. These propositions may all be as contended by appellant, but neither, in our judgment, would give him a right to the property in question.

It is not only the right of mortgagor and mortgagee, but those of an innocent purchaser for value, which are to be considered. From the day of the sale to the appointment of the receiver, whatever the rights of the mortgagee may have been to reach crops grown in the meantime while the property of Roberts, or his interest in rents, it is, we think, clear, there was no such existing lien upon such corn as would prevent Oswald from purchasing it from Roberts in good faith and for a valuable consideration.

As was said in Haas v. Chicago Building Society, 89 Ill. 498, "The security, plainly, is not exhausted by the sale, for there is a fund included in it which is secondarily liable. It is true the mortgagee has elected to foreclose and sell, but then he has pursued that remedy to the end and without getting satisfaction of his debt, and he may avail himself of any just and equitable means of collecting the residue."

The just and equitable means to which, in this case, the mortgagee might resort to collect the residue of his debt after the sale, would . be .to ask that a receiver take possession of the mortgaged premises, and apply from that date whatever could be found of the mortgagor's interest in the premises; but we think it would be .not only unjust but inequitable to permit the receiver to seize this corn raised upon the mortgaged premises, during a time when the mortgagor had a right to their possession and control, and sold to an innocent purchaser for value before the mortgagee had taken any steps to enforce his latent and dormant rights.

We have discussed the question thus far upon the theory that Oswald's petition was true. We think, however, the court erred in sustaining the exceptions to the answer of Knox, for in this answer he distinctly denies that Oswald was a purchaser in good faith or otherwise. If that part of the answer is true, then Oswald has no right to interfere.

Issue should have been joined upon this question, and if, upon a trial, Oswald's petition had been found true in this respect, then the finding of the court would have been proper.

The decree of the Circuit Court will therefore be reversed and the cause remanded, that issue may be joined upon the petition and answer as to the purchase in good faith and for value on the part of Oswald and that a decree may be entered in accordance with the finding upon that question.

*Reversed and remanded.*