### Daniel C. Boruff et al. v. Watson S. Hinkley.

1. FORECLOSURE—*Rents Accruing During Period of Redemption.*—When the mortgagor bids off the premises at the foreclosure sale for less than the amount due him and obtains a deficiency decree for the balance, he has the equitable right, upon a proper showing, to have the rents of the premises which accrue, during the period of redemption, applied in satisfaction of such deficiency, and a receiver may be properly appointed for such purpose.

Foreclosure Proceedings.—Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 29, 1896.

JOHN LEWSON, attorney for appellants.

IRA W. & C. C. BUELL, attorneys for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellee obtained a decree of foreclosure of a certain

mortgage made to him by the grantors of the appellant, and at the foreclosure sale bid off the premises for less than the amount found to be due him. To that suit the appellant was a party defendant, and after the sale a deficiency decree was entered against him and the makers of the mortgage for the sum of $2,457.21.

Subsequently, upon notice to the appellant and the mortgagors, and upon the petition of appellee setting up the facts and alleging the insolvency of the deficiency decree debtors, a receiver was appointed to take possession of the foreclosed premises, collect the rents, etc. Thereupon, the receiver demanded of appellant the possession of the premises, he being in possession thereof, which demand being refused the appellant was ruled to show cause why he should not surrender possession. To such rule the appellant made answer and moved to vacate the same.

Upon a hearing of said rule and of appellant's cross-motion, the latter was overruled, and appellant was ordered to vacate the premises within five days and deliver possession thereof to the receiver, or to attorn to the receiver and pay rent for the occupation thereof upon terms to be approved by the court or the receiver; and appellant brings such order here for review.

The appellant appears to misconceive the question so presented. The right of possession to the premises after sale and during the statutory period of redemption, is not and could not be claimed by virtue of or under the rights of the purchaser, as such merely, at the sale. Had the purchaser been a stranger to the mortgage, it is plain that he would not be entitled to possession. He would buy with full knowledge of the right of the mortgagor to have the use of the property pending the period of redemption. But here the purchaser was the mortgagee. He bid off the premises for less than two-thirds the amount found to be due him upon his mortgage, and obtained a deficiency decree for the balance. There still remained to him the equitable right, upon the proper showing, to have the rents of the premises which might accrue during the redemption period applied in satisfaction of that deficiency.

The appointment of a receiver was a proper and, perhaps, the only method of securing such application, under the circumstances made to appear.

We need only to cite Haas v. Chicago Building Society, 89 Ill. 498. The order appealed from is affirmed.