E. G. WILSON AND ELIZABETH A. WILSON v. MARY J.
WOLF AND J. B. McAFEE, *Receiver.*

No. 772.   (61 Pac. 311.)

RECEIVER—*Foreclosure Suit—Failure to Pay Taxes.* In a suit
to foreclose a mortgage on the homestead of the mortgagor, after
sale and confirmation, a failure to pay taxes that have accrued
thereon before sale is not sufficient to warrant the appointment
of a receiver with directions to take and rent the property and
apply the rents so collected to the discharge of such tax lien.

Error from Shawnee district court; Z. T. HAZEN,
judge.   Opinion filed June 6, 1900.   Reversed.

*Edwin A. Austin,* and *E. G. Wilson,* for plaintiffs in
error.

*Vance & Campbell,* for defendants in error.

The opinion of the court was delivered by

MAHAN, P. J.: The plaintiffs in error appeal from
an order of the district court appointing a receiver in
a case of foreclosure of a mortgage on real estate, made
after the decree, sale, and confirmation.   The ground
upon which the motion for the appointment of a re-
ceiver is predicated is that the defendants in posses-
sion have allowed the premises to go to waste, and
the buildings and improvements to be out of repair
and greatly damaged by reason thereof; that the de-
fendant mortgagor has not paid the taxes and has
permitted the land to be sold therefor, and is not oc-
cupying the premises in good faith for the purpose of
redemption but for the purpose of wasting the same,
and that unless a receiver is appointed the premises
will go to destruction, to the great loss and damage
of the plaintiff.

The only proof offered in support of this applica-

tion for a receiver is the affidavit of the agent of the plaintiff that the property had been sold for the taxes of 1896, giving the amount, and that the taxes of 1897 were not paid, and the affidavit of the attorney for the plaintiff, who states that he had examined the county records and that they show the property had been sold for the taxes of 1897, giving the amount.  On behalf of the defendant, in opposition to the motion, and by the affidavit of the mortgage, it appears that the property was not suffered to become out of repair, but has been by him very much improved.  So that the only ground for the appointment of a receiver is that the taxes have not been paid.

The code provides that, in cases of foreclosure, a receiver may be appointed where it appears that the mortgaged property is in danger of being lost, removed, or materially injured, or that the conditions of the mortgage have not been performed, and that the property is probably insufficient to discharge the mortgage debt.  There was some evidence upon the question of the value of the property, and it would seem therefrom that the property is of abundant value to discharge the mortgage debt and taxes.

It is a rule of equity that a receiver will not be appointed to protect property where the law affords another safe, expedient and speedy remedy.  See High on Receivers, section 10.  And it is universally conceded that it is a peremptory measure, to be exercised with great care, and doubtingly, and that it is a serious interference with the right of a citizen in the possession of his property.  Section 2 of chapter 109, Laws of 1893 (Gen. Stat. 1897, ch. 95, § 521; Gen. Stat. 1899, § 4743), provides for the redemption of real estate, and contemplates that the holder of the certificate may pay the taxes, and that the redemptioner,

whoever he may be, must, in addition to the debt, interest, and costs, discharge the taxes paid. So he has an adequate and proper remedy in this direction.

Section 24 (Gen. Stat. 1899, §4765) provides that the court may, when required to protect the premises against waste, appoint a receiver and place him in charge thereof, and that he shall hold the premises until such time as the purchaser is entitled to a deed, and he shall be entitled to rent, control and manage the property, but that the income during such time, except what is necessary to keep up repairs and prevent waste, shall go to the owner or defendant in execution, or the owner of the legal title. This is the only provision of the statute of this state providing for the appointment of a receiver after decree and sale ; and the facts of this case do not bring it within the provisions of the law. Further, in this case the premises were the homestead of the mortgagors, and are and were occupied by them for a home, and had been for several years.

We are of the opinion that the authority was exercised without the law, that the receiver ought not to have been appointed, and that the mortgagor and his family should not have been turned out of possession. The order appointing the receiver is reversed.