### Thomas M. Murphy v. W. M. Hoyt et al.

1. Receiver—*Unauthorized Appointment—Insufficient Affidavit.*— A receiver will not be appointed upon an insufficient affidavit in a proceeding to foreclose a mortgage where the mortgage does not by its terms authorize such appointment and the bill is not certified.

Interlocutory Order Appointing a Receiver.—Appeal from the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Reversed. Opinion filed February 19, 1901.

Albion Cate, attorney for appellant.

Gilbert & Ripley, attorneys for appellees.

Mr. Presiding Justice Shepard delivered the opinion of the court.

This is an appeal from an interlocutory order appointing a receiver, in a suit to foreclose a mortgage, wherein the appellant is one of the defendants, though not the maker of the mortgage.

The mortgage itself contained no provisions for the appointment of a receiver under any circumstances, and the bill was not sworn to. Therefore we are confined, in considering the question, to the affidavit read on the hearing of the application for a receiver. Siegmund v. Ascher, 37 Ill. App. 122. As is shown by the certificate of evidence, the entire substance of that affidavit, made by the holder of the mortgage, is, as stated in the abstract, as follows:

" Knows the value of said premises; that it is meager security; was worth $7,000 December 12, 1895, and $5,500 now; that a special assessment of $225.95 for paving Illinois street has recently been levied against said property, as affiant is informed.

That J. H. Murphy is in litigation with his brothers and sisters over the property, and is insolvent; that premises are occupied by tenants of J. H. Murphy, who pay him or some other person rent; property has been neglected; affiant paid insurance and taxes for the year 1899."

The insufficiency and uncertainty of such an affidavit for the purpose of securing the appointment of a receiver under a foreclosure bill not verified, where the mortgage does not by its terms authorize the appointment of a receiver, is too apparent to require comment. We do not mean to be understood as holding that a receivership in the case might not be created under a proper showing, but only that no such showing was made on this record as the law requires. Reversed.