## Charles T. Richey v. Alexander E. Guild, Jr.

1.   PARTIES—*Appeals by Persons Not Originally Parties.*—Where a person is not a party to a suit in chancery as originally commenced, but subsequently appears, files his answer and is recognized by the court below as a party to the suit, an appeal by him from an order entered in the suit is properly allowed.

2.   RECEIVERS—*Appointment of, in Foreclosure Suits.*—In a proceeding to foreclose a mortgage, a receiver will not be appointed unless it is made to appear that the mortgaged premises are insufficient security for the debt, and the individual personally liable for it is insolvent.

Bill for Foreclosure.—Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.   Heard in this court at the October term, 1901.   Order appointing a receiver reversed.   Opinion filed January 16, 1902.

Statement.—This appeal is prosecuted from an interlocutory order appointing a receiver.   The suit is for foreclosure of a trust deed in the nature of a mortgage.   The order was entered upon the bill of complaint and affidavits in support of the motion for appointment of receiver and affidavits presented in opposition to the motion.   At the time the motion was heard and the order entered no answer had been filed by Charles T. Richey, who prosecutes this appeal.   The bill of complaint does not make him a party defendant.   It appears by answer of appellant afterward

filed, that he purchased the mortgaged premises on July 26, 1901, which was a little more than one month prior to the filing of the bill of complaint herein; that after the purchase appellant paid off a third mortgage indebtedness of $1,500 upon the premises; that one year's taxes and a small amount of interest are due under the terms of the trust deed, and appellant offered by his answer to pay these amounts into court. By his answer he also avers that the property is ample security for the debt evidenced by the mortgage notes which are the subject of this suit; and that the mortgage debt has been assumed by persons who are able to respond therefor, one of them being worth $10,000 and the other $60,000 in real estate in this city. The amount of the debt evidenced by the notes secured by the trust deed which it is sought to foreclose, is $4,699.82. The default, by reason of which a suit for foreclosure is brought, consisted in non-payment of interest amounting to about $100, as claimed by appellee, and about $40, as claimed by appellant, and a failure to pay taxes amounting to some forty odd dollars. Upon the application for a receiver two affidavits were presented by appellee, by which it is averred that the mortgage debt is $4,699.82, and the property upon which the debt is secured is worth only $4,000. On behalf of appellant and against the motion for a receiver, the affidavits of eight persons were presented, by which the value of the mortgaged premises are shown to be from $6,000, the lowest estimate, to $7,500, the highest. One affiant states that appellee had loaned $6,000 upon the property within three years, a part of which loan, viz., $1,500, had been paid within a few days preceding the hearing. Another affiant states that Harrahan, who had assumed the payment of the mortgage debt, was the owner of real estate in Cook county worth $75,000. The bill of complaint does not allege that the individuals personally liable for the mortgage debt are insolvent.

After the order appointing the receiver was entered, appellant prayed an appeal, and the court entered an order allowing an appeal to appellant as a defendant in the cause.

Afterward appellant filed his answer.

WILLIS H. HUTSON, attorney for appellant.

JOHN T. RICHARDS, attorney for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

It is urged by the learned counsel for appellee that this appeal should be dismissed, because appellant was not a party defendant to the suit when the order appealed from was entered, and therefore had no right to appeal. We think this motion should not be granted. It is true that when the order was entered appellant was not a party to the suit. But he afterward filed his answer and was recognized by the court below as a party to the suit, in that the court granted his prayer for an appeal (which was superfluous, as this appeal is from an interlocutory order), and made a certificate of the evidence at his instance. By these acts the court recognized appellant as a party to the suit.

The formal and correct procedure would have been for appellant to have moved for an order making him a party defendant to the suit and permitting him to answer the bill. But this formal procedure was evidently dispensed with by the court below, which permitted appellant to answer the bill, by which answer he shows that he is the owner of the equity of redemption in the mortgaged property, and also permitted him to have a certificate of the evidence made.

The time when a defendant appears, whether before or after the entering of an interlocutory order, is of no consequence as affecting his right to appeal from such order. We are therefore of opinion that the motion to dismiss the appeal should be denied.

The remaining question is as to the propriety of the order appointing a receiver.

It does not appear from the abstract that the trust deeds here in question provide for the appointment of a receiver before foreclosure. The evidence heard upon the application consists only of the unverified bill of complaint and the affidavits noted in the foregoing statement of facts.

From all this it appears that the persons who are personally liable for the mortgage debt, so far from being insolvent, are amply able to respond for that debt.

The value of the mortgaged premises is a matter of dispute, but eight affidavits against two, estimate its value at much more than the mortgage debt. Upon this showing, we are of opinion that no receiver should have been appointed. Haas v. C. B. Society, 89 Ill. 498.

In that case the Supreme Court said, referring to a receivership :

" Such action will not be taken, however, unless it be made to appear that the mortgaged premises are an insufficient security for the debt and the person liable personally for the debt is insolvent. * * * A combination of these two things seems to be required in all cases we have examined."

This announcement was in relation to a receivership after foreclosure sale, and when a deficiency existed, but it applies with greater force to an interlocutory receivership, when it appears without dispute that the persons who are individually liable for the mortgage debt are amply able to respond for the same. The order is reversed.