## No. 11,600.

### FRENCH v. JARVIS, ET AL.

Decided June 7, 1926.

On application for appointment of a receiver in a foreclosure proceeding. Application denied.

*Affirmed.*

## On Application for Supersedeas.

1. MORTGAGES—*Sale—Possession.* A mortgagor is entitled to retain possession of the premises after foreclosure sale, until the time for redemption expires.

2. *Sale—Receiver.* Under the facts disclose, it is held that there was no abuse of discretion on the part of the trial court in denying a receivership for property sold under a mortgage, during the period between the sale and expiration of time for redemption.

3. APPEAL AND ERROR—*Mortgages—Foreclosure—Court Discretion.* Appellate courts are slow to interefere with the exercise of discretion by trial courts in foreclosure, as well as other proceedings.

*Error to the District Court of Logan County, Hon. H. E. Munson, Judge.*

Messrs. HECOX & HECOX, Mr. ALBERT C. CRAIG, Mr. NORRIS C. BAKKE, for plaintiff in error.

Messrs. NAUGLE, JOHNSON & LEE, for defendants in error.

*Department Two.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS cause is before us upon an application for a supersedeas. The writ of error has been sued out to review an order denying the appointment of a receiver in a foreclosure suit, after the foreclosure sale and before the time for redemption expired.

The complaint was filed on October 7, 1925. On December 4, 1925, a judgment for $21,719.64 and costs, and a decree of foreclosure was rendered. On January 16, 1926, at the sheriff's sale under the foreclosure, the property was struck off to plaintiff for $21,748.62, the amount of the judgment, court costs and costs of sale. There is no deficiency judgment involved in this case. The decree provides that the real estate be sold, and it was sold, subject to the lien of all lawful taxes.

On February 16, 1926, plaintiff filed his petition for the appointment of a receiver for the purpose of taking possession of the land involved during the period allowed for redemption, and applying the rents and profits toward the payment of delinquent taxes. The petition alleges that defendant failed to pay the taxes for the

year 1923, and that in 1924 there was a tax sale. It is also alleged that defendant has failed to pay taxes for the years 1924 and 1925, and that he will not pay them for the year 1926.

It is well settled that the mortgagor is entitled to retain possession of the premises until the time for redemption expires. 27 Cyc. 1738. In *Wilson v. Wolf,* 9 Kan. App. 347, 61 Pac. 311, the court, in a case very like the instant case, said: "And it is universally conceded that it (the appointment of a receiver) is a peremptory measure, to be exercised with great care, and doubtingly, and that it is a serious interference with the right of a citizen in the possession of his property."

The plaintiff in error cites *Haas v. Chicago Building Society,* 89 Ill. 498, which is an authority for the proposition, stated in 27 Cyc. 1627, that a receiver may be appointed after final decree and pending the time allowed for redemption, if such a course is plainly necessary for the preservation of the estate or to safeguard the rights of the mortgagee. In the Haas case the receivership was upheld, but the facts showed that the mortgagors were allowing interest on other liens, in addition to taxes, to accumulate, and had no intention or ability to redeem. On the hearing of the application in the instant case, the mortgagor testified that he had made improvements upon the land, that he intended to cultivate the land during the season of 1926, and that he intended to redeem. There was no abuse of discretion in denying a receivership. An appellate court, in cases of this kind as well as others, is slow to interfere with the exercise of the trial court's discretion. 27 Cyc. 1624.

The application for a supersedeas is denied, and the judgment is affirmed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.