Chicago Title & Trust Company, Appellee, v. Gladys McDowell et al., Defendants.

Appeal of Westinghouse Electric Elevator Company et al., Appellants.

Gen. No. 34,353.

494

EPSTEIN & ARVEY, for appellants.

BUTZ, VON AMMON & MARX, for appellee; JOSEPH D. LAWYER, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

This is an interlocutory appeal by certain defendants from an order entered February 26, 1930, extending the receivership of Joseph H. Optner appointed in another and prior cause pending in the circuit court to the premises involved in the above-entitled cause, which is a proceeding to foreclose the lien of a trust deed on the premises number 6938 Cregier Avenue, Chicago.

February 5, 1930, complainant filed its bill of complaint seeking the foreclosure of a trust deed securing bonds aggregating $110,000, executed by Gladys McDowell and William McDowell, her husband, conveying the premises in question. The bill alleged a balance of $2,383.32 due on unpaid interest coupons and prayed for the usual relief including the appointment of a receiver in accordance with the provisions of the trust deed. The trust deed expressly conveyed the rents, issues and profits as part of the security. The bill made as parties defendant Joseph H. Optner, the receiver in the prior cause, the above-named defendants and others. Subsequently, after notice, complainant asked that this receivership be extended to cover the premises and property described in the bill of complaint and the rents, issues and profits thereof. This motion was supported by affidavits and the requested order was entered.

The appealing defendants say that the order is erroneous in that it fails to fix a time limit within which complainant is required to file its bond. This point is unimportant, as the record shows that the complainant filed its bond concurrently with the entry of the order.

It is next said that the court erred in failing to consider the verified answer of defendants and in not hearing testimony on questions of fact raised by the answers. We do not understand why we should assume that the trial court did not consider the answer of defendants. The record shows that before the order was entered complainant was given leave to file *instanter* affidavits supporting its motion for receivership and defendants were given leave to file an answer in five days. When the order was entered the court had before it the bill of complaint, the motion, supporting affidavits and the answer of defendants, and we must assume that the court passed upon the record then before it.

Counsel for defendants seems to assume that the answer must be taken as true because it is verified. The bill expressly waived answer under oath. Therefore the answer was nothing more than pleading, although it may be considered as an affidavit upon the motion to appoint a receiver. *Dunne v. County of Rock Island,* 273 Ill. 53, is not authority for the proposition that it was error for the court to consider affidavits filed by complainant. That case involved an injunction and the court held that it was error to consider the affidavits filed by the defendant in the absence of any answer filed by it. It has long been the practice upon motion for a receiver for the court to consider affidavits. *Leeds v. Townsend,* 74 Ill. App. 444; *Murphy v. Hoyt,* 93 Ill. App. 313; *Richey v. Guild,* 99 Ill. App. 451.

It is said that the complainant failed to obtain leave to make the receiver in the prior cause a party defend-

ant in the instant cause. The record is silent on this point, but such an order would properly appear in the record of the prior cause and not in the present record. However, we do not think the point important, as it appears that both causes were heard by the same chancellor, who, necessarily, when entering the order extending the receivership, must have given his consent. The failure to obtain leave does not affect the jurisdiction of the court but merely raises the question of contempt. Possession by the receiver is possession by the court. *Mulcahey v. Strauss,* 151 Ill. 70; *Evans v. Illinois Surety Co.,* 319 Ill. 105; *Mavor v. Northern Trust Co.,* 93 Ill. App. 314.

The foregoing points relate merely to errors in the proceedings. We have recently held in *Central Trust Co. v. McGurn,* 257 Ill. App. 45, that if the case is a proper one for the appointment of a receiver, such appointment will be upheld although erroneous in some respects.

It is said that the extension of the receivership is improper because the receiver is placed in a position where he must maintain conflicting interests arising in the respective causes. A receiver is the instrument of the court to adjust and determine conflicting causes. A receiver represents both the debtor and the creditors whose interests are in their nature antagonistic. It was so held in *Peabody v. New England Water-Works Co.,* 184 Ill. 625, where the court said, in substance, that while as a general rule a receiver "is to be regarded as the representative of the corporation, asserting its rights, taking its title and subject to its liabilities, in one respect occupies a broader position, and represents not only the corporation but also the creditors. . . . He stands as a trustee of its funds for all creditors, and may intervene to see that no injustice is done to any one." See also High on Receivers, 4th edition, page 814, section 663, where the author says:

"In appointing a receiver over mortgaged premises, it is not imperative upon the court to extend the appointment over the entire estate, and the receiver may be limited in the first instance to such portion of the lands as is primarily liable for the payment of the mortgage indebtedness. But the order should be limited strictly to the premises embraced in the mortgage, and should not extend to other property of the mortgagor." This was done in the present order.

The substantial question is, did the case call for the appointment of a receiver? The bill alleged a first mortgage of $110,000, executed May 18, 1928, the conveyance of the premises and the rents and profits as security and a default in the sum of $3,575. William McDowell, who with his wife executed the notes and trust deed, by affidavit stated that both he and his wife were indebted jointly and severally to various parties in excess of their assets and that each of them was insolvent. The affidavit of Earl D. Reese stated that the McDowells on July 6, 1926, conveyed the property to the No. 6938 Cregier Ave. Building Corporation, subject to the lien of the trust deed now being foreclosed, but the grantee did not assume or agree to pay the indebtedness described in the trust deed; that December 15, 1928, this grantee conveyed the premises by trust deed to the Cosmopolitan State Bank to secure an indebtedness of $30,000; that subsequently mechanics's lien claims were filed for various amounts aggregating approximately $3,000; that on December 2, 1929, the Westinghouse Electric Elevator Company, which is one of the defendants herein, filed its bill in the circuit court of Cook county asking for the dissolution of the Building Corporation and for other relief; that in the bill it alleged it had a judgment against the Building Corporation for the sum of $1,466.16 still in effect and unsatisfied; that January 17, 1930, a petition was filed in the cause then pending in the circuit court by the Ames Construction Company alleging

that it had a claim against the corporation in the sum of $6,588 with interest; also another claim by the Wittenmeier Machinery Company for $1,919.59; also a claim by the Illinois Lighting Fixture Company for $600; that on January 21, 1930, the court entered a finding that the Building Corporation was indebted to divers parties in sums largely in excess of its assets and that said indebtedness remained wholly unpaid and unsatisfied, and that the Corporation was hopelessly and irretrievably insolvent and it was ordered that it be dissolved; that according to the records the Building Corporation appeared on February 3, 1930, as the owner of the equity of redemption of the premises involved in this foreclosure proceeding. The answer filed by the defendants does not negative these allegations of fact. It alleges that Joseph Optner was appointed receiver of the Building Corporation and duly qualified; that the value of the premises is in excess of $140,000 and ample security for the indebtedness of $110,000, and more than adequate security for the interest coupons now sought to be foreclosed.

The case calls for the appointment of a receiver. The record shows that the mortgagor is insolvent, the Building Corporation (grantee) is decreed insolvent and there is no responsible owner of the property who could be made to answer for the indebtedness secured by the trust deed. We are not holding that the receiver was properly appointed solely because of the provisions of the trust deed pledging the rents and profits as partial security for the mortgage debt, although such provisions may be taken into account. A court of chancery will appoint a receiver upon a consideration of all the equities of the case. *Bothman v. Lindstrom,* 221 Ill. App. 262. In view of the conflicting interests, the amounts of the respective claims, the insolvency of the mortgagors and their grantee and

other considerations, we hold that the court properly entered the order in question.

The order appealed from is affirmed.

*Affirmed.*

MATCHETT and O'CONNOR, JJ., concur.