Herman S. Strauss, as Trustee, Appellee, v. Georgian Building Corporation et al., Defendants.
Appeal of 537 Deming Building Corporation, Appellant, from Interlocutory Order Appointing a Receiver.

Gen. No. 35,056.

H. J. ROSENBERG and KROON & KROON, for appellant.

PRITZKER & PRITZKER, for appellee; REUBEN L. FREE-MAN, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

This is an appeal from an order appointing a receiver in a foreclosure suit. The motion of complainant for the appointment of a receiver was heard upon the verified bill after notice to the defendant and argument before the court.

The bill was filed January 6, 1931, and it is alleged that on April 1, 1926, the owner of certain real estate executed 464 bonds aggregating $265,000 and to secure the payment of the indebtedness evidenced by these bonds executed a trust deed conveying the premises; that certain of the bonds became due October 1, 1928, and others annually thereafter until October 1, 1935, and the last of the bonds, by their terms, became due April 1, 1936.

It is also alleged that to further secure the payment of certain of the bonds, a chattel mortgage was given on the furnishings in the apartment building which was covered by the trust deed; that certain of the bonds and interest had been paid and that on October 1, 1930, there was a default in the payment of $8,000 of the principal and $3,006.21 interest, and a further default on that day of $328.90 on account of the nonpayment of income tax as required by the trust deed. It was further alleged "That by reason of the defaults hereinabove set forth . . . and in exercise of the power granted to your Orator under the terms

of said Indenture (trust deed), your Orator hereby, declares the principal of all the bonds secured by the said Indenture and now outstanding, to be due and payable immediately, together with all interest accrued thereon. . . .

"Your Orator further states that the said property is scant and insufficient security for the lien of said indenture . . . and the bonds and interest coupons secured thereby and that the makers thereof and the guarantors . . . are insolvent and unable to respond to any deficiency decree that might be entered herein, as your Orator is informed and believes." And it was further alleged that the rents, issues and profits were specifically pledged as additional security for the payment of the indebtedness and that in the event of foreclosure, "the court before whom the same is pending shall, as a matter of strict right and without regard to the then value of the mortgaged property and without regard to the solvency of the mortgagor appoint a receiver."

The record discloses that on January 9, pursuant to notice, the parties appeared before the chancellor and the motion of complainant for receiver came on to be heard. Thereupon the defendants stated they desired the matter postponed so as to enable them to file an answer to the bill, and the court continued the matter for this purpose until the next day when it again came on for hearing but no answer was filed; the court then, after argument, entered an order appointing the receiver. Complainant was required to file a bond in the sum of $2,000 within five days; the bond was filed, and afterwards an additional bond was filed on account of some inaccuracy in the first bond.

January 26, 1931, the principal defendant filed its answer. On January 27, the complainant, upon notice, procured an order to be entered giving complainant leave to amend the bill of complaint. The order quoted

the paragraph of the bill first above quoted, and added the following to such paragraph, "and has caused notice to be served upon 537 Deming Building Corporation, the owner of the title of record, informing it of the said defaults, all in accordance with the terms and conditions of the aforesaid trust deed; a copy of which notice your Orator is ready to produce in open court upon the hearing of this cause." February 6 the defendant filed its appeal bond which was approved by the clerk of the court.

For the purpose of this appeal we assume that the filing of the additional bond by the complainant, and the order authorizing an amendment to the bill were entirely proper, and we hold they both were.

The defendant contends that the bill, on its face, fails to state a cause of action because there is no allegation to warrant the acceleration of the payment of the entire issue of bonds and therefore the receiver could not properly be appointed. In support of this counsel for defendant refer to a provision of the trust deed which alone gives the right to declare all the bonds due and payable in case of a default. That provision is as follows: "In case default shall be made in the payment of the principal of or any interest or income tax payments on any of said bonds, . . . and any such default shall continue for a period of thirty (30) days after written notice thereof to the Mortgagor by the Trustee . . . then and in any such case the Trustee, in his discretion . . . may declare the principal of all bonds . . . secured and then outstanding to be due and payable immediately."

We think the contention must be sustained. While it is true the bill of complaint alleges there were defaults on October 1, 1930, and the record shows the bill was not filed until January 6 following, which is more than 30 days, yet there is no allegation that the written notice mentioned in the trust deed was served

on the mortgagor at any time. Nor is there any allegation that the default continued for 30 days after such written notice was given. The only allegation of notice is that contained in the amendment to the bill in which it is averred that the complainant caused notice to be served on the defendant of the default "all in accordance with the terms and conditions of the aforesaid trust deed." We think this allegation is entirely insufficient. Many of the bonds secured by the trust deed would not become due, by their terms, for several years after the bill was filed, and the trust deed provides that if the owner of the bonds desires to accelerate the time of payment and to declare them all due, he must serve a written notice on the mortgagor. This is a simple matter and the allegation ought to be more specific on this point.

We are also of the opinion that the allegation of the bill "that the property is scant and insufficient security for the lien" ought to be more specific because a court of chancery will not appoint a receiver although the rents and profits are pledged as additional security, where it would be inequitable to do so. If the property were ample security, of course a receiver ought not to be appointed. *Bagley v. Illinois Trust & Savings Bank,* 199 Ill. 76; *Aetna Life Ins. Co. v. Broeker,* 166 Ind. 576; *Bothman v. Lindstrom,* 221 Ill. App. 262; *Davis v. Blair,* 252 Ill. App. 417; *Chicago Title & Trust Co. v. McDowell,* 257 Ill. App. 492.

For the reasons stated the order of the superior court appointing a receiver is reversed.

*Reversed.*

MATCHETT, P. J., and McSURELY, J., concur.