ANDREW J. ICE et al., Appellants, *v.* WILLIAM A. McLAIN, Appellee.

### APPEAL FROM GALLATIN.

A justice of the peace, before whom a trial of the right of property is had, may proceed with the hearing, and render judgment upon the finding of the jury, when he has been notified by the constable that the property levied upon has been claimed, and that the time and place for the trial have been named.

The giving of the notices for a trial in such case, is exclusively the duty of the constable, for which he may be held responsible; but the magistrate, and those acting under his judgment, will be protected.

Ice et al. *v.* McLain.

In an action of trespass *de bonis asportatis*, against others than the constable who made the levy and sale, the plaintiff should show title to the property sold. It is not a legal presumption because the property was seized and sold under an execution against him, that it was his property.

This was an action of trespass *de bonis asportatis*, brought in the Franklin Circuit Court. The appellants appeared and plead the general issue; and Ice, one of them, interposed a separate special plea, that he was an acting justice of the peace, &c., commissioned and qualified, and that, as such justice, he rendered a judgment, &c., upon which execution was issued, and placed the same in the hands of Adams, (the other appellant,) then an acting constable, &c. ; that he was notified by Adams, that the present appellee, (McLain,) claimed the property levied upon by Adams as the property of Summers, the defendant in the execution ; that, as such justice, he issued a jury warrant, which he delivered to said constable, commanding him to summon a jury for a trial of right of property, to be had before said Ice, as such justice ; that the jury came, &c., trial was had, and a finding and judgment against McLain, the claimant ; that a judgment was rendered against McLain for $5.51, as costs on trial of right of property ; that Ice, as such justice, issued an execution against McLain on this judgment for costs, which he placed in the hands of Summers, a constable, &c., who proceeded, as he lawfully might, for the purpose of making the money upon said execution at the said time mentioned in the plaintiff's declaration, to levy and expose to public sale, the property (corn) of the said William A. McLain (the plaintiff), to satisfy the said execution, which are the said supposed trespasses in the first and second counts of the said declaration mentioned. To this plea McLain interposed a demurrer, which was sustained by the court ; DENNING, Judge, presiding at May term, 1852. At the same term the cause was submitted to the jury, and a verdict and judgment for the plaintiff for $49, damages, was the result. A motion for a new trial was denied.

The bill of exceptions shows, that McLain knew of the time and place fixed for the trial of the right of property, and that McLain said he would be present; it was also shown that the constable did not give McLain notice in writing of the time and place of trial. There was not any proof showing that McLain owned the property levied upon, by the execution issued for costs, other than the execution, and the return of Summers, the constable, thereto.

W. K. PARRISH, for appellants.

Ice et al. *v.* McLain.

H. K. Montgomery, for appellee.

Treat, C. J. The chief question in this case is, as to the sufficiency of the special plea. The only objection made to the plea is, that it does not allege that McLain notified the constable in writing of his claim to the property levied on, and of his intention to prosecute the same. It is contended, that such a notice was necessary to vest the justice with jurisdiction, and authorize him to enter the judgment, and issue the execution. The statute declares, that " In all cases, where any personal property shall be taken, by virtue of an execution or attachment issued by any justice of the peace, which shall be claimed by any person or persons other than the defendant in such execution or attachment, and such claimant shall give notice in writing of his or their claim and intention to prosecute the same, it shall be the duty of the constable to notify the plaintiff in execution or attachment of such claim, and the time and place of trial ; and if the justice who issued such execution or attachment reside in another county, be absent from the county, or unable to attend to such trial, it shall be the duty of the constable serving such execution or attachment, to notify the plaintiff in execution that he will attend before some other justice of the peace of the county, (naming him,) and shall also designate some day and hour for the trial of the right of said property, of which time and place the claimant shall also have notice." The statute then proceeds to authorize a justice, before whom a trial of the right of property shall be had, in case the property in dispute is found not to belong to the claimant, to enter a judgment against him for the costs of the proceeding, and issue execution thereon. See R. S. ch. 91. It is the duty of a constable, when a claim is interposed under this statute, to fix upon a time and place for the trial of the right of property, and give notice thereof to the justice, the claimant, and the plaintiff in execution. This is a matter exclusively for the constable, with the performance of which the justice has nothing to do. The trial is had in pursuance of an appointment made by the constable, and the parties are brought before the court by virtue of a notice given by him. When the constable informs the justice, that the property levied on has been claimed, and that he has named the time and place for the trial of the claimant's right, the justice may lawfully proceed with the case. A state of case then arises which vests him with jurisdiction, and authorizes him to hear the cause, and enter the proper judgment on the finding of the jury. If the constable violates his duty, he may be held responsible for the consequences by the party

injured, but the magistrate, and those acting under his judgment, will be protected. A justice may lawfully enter judgment against a defendant who appears by a constable's return to have been served with process, although, in point of fact, the return may be utterly untrue. It is the return of the officer, not the truth thereof, that confers jurisdiction on the justice. The officer may be sued for a false return, but the justice will be justified in his action in the case. So, in a proceeding under this statute, the justice is authorized to act on the report of the constable; and he is no more responsible for the conduct of the constable, than in the case of a false return upon original process. In our opinion, the plea presented a good defence to the action on the part of the magistrate, and the court erred in sustaining the demurrer.

The evidence did not justify the verdict. It was incumbent on the plaintiff to show title to the property sold under the execution. It did not follow because the corn was seized and sold under an execution against him, that it was his property. Such would probably be the presumption in an action against the officer making the levy and sale. But this suit is against other parties, and the acts of Summers are not evidence against them. A new trial should have been granted.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*