596        Rising *et ux.* *v.* Carr.        [Sept. T.

Opinion of the Court.

## Anson Rising *et ux.*

*v.*

## James H. Carr.

1. Res adjudicata. When a cause has been once determined, on its merits, in the Supreme Court, and remanded to the inferior court, and a decree is there rendered in conformity to the decision of the Supreme Court, an appeal from that decision will not be considered.

2. Such a proceeding is simply an effort to induce the Supreme Court to review its former judgment, which can not be done in that way.

Appeal from the Circuit Court of Jo Daviess county; the Hon. William Brown, Judge, presiding.

Mr. D. W. Jackson, for the appellants.

Mr. James H. Carr, *pro se.*

Mr. Justice Scott delivered the opinion of the Court:

This cause was before this court at a former term. A brief history of the litigation between these parties, and a statement of the facts presented by the record, will be found in the opinion then delivered. *Carr* v. *Rising*, 14 Ill. 62.

Two causes between these parties, involving the same subject matter, were submitted together. The former decree, holding the deed, though absolute in form, a mortgage, and declaring the right of homestead in the premises did not exist, was modified, by the decision of this court, so that the decree, so far as it held the deed a mortgage, was reversed, and the remaining portion was affirmed. The latter decree, based on the former finding, directing an account to be taken, and permitting appellants to redeem on payment of the amounts found due, was reversed.

On the *remittitur* from this court being filed, appellants, by leave of the circuit court, exhibited their amended bill, not materially different from the original bills.

The scope of the bill, as amended, is, in general terms, that appellee holds the property as mortgagee, and prays that an account be taken, and appellants have the privilege of redeeming. Appellee, by his answer, claims, in substance, this matter is *res adjudicata*, by the decision of this court, and also denies he holds the property as mortgagee, but alleges he made an absolute purchase of it at the time it was conveyed to him.

On the former hearing, the cause was reversed, for the reason, as the court say in its opinion: "Upon a careful examination of all the testimony in the case, we are satisfied it fails to establish the fact, as claimed, the deed was given as security, in the nature of a mortgage; but, on the contrary, we are convinced that it was intended to be absolute."

Conceding, as claimed, it was regular, under the rule announced in *Chickering* v. *Failes*, 29 Ill. 294, where there is a reversal of a decree, with general, but no specific, directions as to the decree that shall be entered, for the party to amend his pleadings and offer new evidence, yet it does not appear the right to claim equitable relief in this case was placed upon any other or different ground than that stated in the original bills; nor does the additional evidence introduced materially strengthen the cause of appellants. The new evidence preserved in the present record is mainly cumulative to that contained in the former—is principally produced by the examination of the same witnesses, and is upon the identical point determined in the previous decision, viz: whether the deed is a mere security, in the nature of a mortgage.

We regard it as simply an effort to induce this court to reconsider its former judgment. We have neither the power nor inclination to permit that to be done in this way. It could only be done on petition for rehearing, in the manner prescribed by the rules of this court.

Upon a full and patient investigation, we have once determined that the deed made by Myers to appellee was not a mortgage, but an absolute deed, subject to no defeasance

whatever. The present record presents no additional facts that would make it equitable that appellant should have the relief sought, nor is any good reason shown for not regarding the former decision as conclusive of the rights of the parties. The decree must be affirmed.

*Decree affirmed.*