## William J. Harper v. The Illinois Central Railroad Co.

1. LIMITATIONS—*Additional Counts—New Causes.*—A new cause of action distinct from that set out in the declaration can not be brought into a case by an additional count, after the time for suing upon it has expired.

2. PERSONAL INJURIES—*In What the Cause of Action Consists.*—In suits for personal injuries, the cause of action is not merely the injury to the plaintiff but is the negligence of the defendant.

3. PLEADING—*Additional Counts in Actions for Personal Injuries.*—In actions for personal injuries resulting from negligence, the plaintiff may properly file new counts amplifying and enlarging upon matters of negligent management, etc., without making them obnoxious to the statute of limitations; but he can not charge a particular negligence in his declaration and at the trial recover for another and different negligence.

Trespass on the Case, for personal injuries. Error to the Circuit Court of Stephenson County; the Hon. JAMES M. SHAW, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed December 17, 1897.

J. A. CRAIN and PATTISON & MITCHELL, attorneys for appellant.

J. H. Stearns, attorney for appellee; James Fentress and Wm. Barge, of counsel.

Mr. Justice Dibell delivered the opinion of the Court.

Appellant sued appellee in an action on the case for personal injuries received by him in coupling railroad cars while in the employ of appellee.  To a second series of pleadings filed by plaintiff more than two years after the injury defendant filed the general issue and several pleas of the two years' statute of limitations.  Demurrer by plaintiff to said special pleas was overruled.  Plaintiff elected to stand by his demurrer, the original pleadings and general issue were withdrawn, and the court rendered judgment against plaintiff for costs, from which judgment he prosecutes this appeal.  The charge against defendant in the original declaration was that while plaintiff was attempting to make a coupling of certain cars, defendant " so carelessly and negligently caused said cars, they being badly constructed and adapted for coupling, to be violently started and moved, and thereby, while said plaintiff was with due care attempting to make said coupling, said cars were negligently struck and drove the one upon the other, whereby, without any want of due care on the part of said plaintiff, his hand and arm were so crushed, mangled and torn, that it became and was necessary to cut off and amputate the same."  The new counts charged that plaintiff was a minor of the age of twenty years; that he was in the employ of defendant in coupling cars; that his work was dangerous, and he did not know it; that it became the duty of defendant to instruct him in its dangers, and in the proper way to make couplings generally, and especially this particular coupling; that defendant negligently omitted this duty, and by reason of defendant's omission to so instruct the plaintiff he, while in the exercise of due care, and while attempting to make a coupling required by his employment, was caught and his hand crushed.  An effort was made in the third count of the amended declaration to introduce a charge of negligence in the manner of the construction of the bumpers on the two

cars between which plaintiff's hand was caught, but such amendments thereto were made after two successive demurrers had been sustained; that though·it still stated the peculiar form and dangerous condition of the bumpers, yet the only injurious result therefrom charged was that one of the causes producing the injury was the negligent conduct of defendant in failing to have said two cars so constructed as to be convenient and safe for plaintiff. As defendant owed plaintiff no duty to make its cars convenient and safe for him, that charge is immaterial. Chicago R. I. & P. R. R. Co. v. Lonergan, 118 Ill. 41; Chicago & A. R. R. Co. v. Kerr, 148 Ill. 605. All the remaining charges of negligence causing said injury set forth in said third count as finally.amended, and all the charges of negligence in the other counts of said amended declaration, are the failure to instruct a minor in the dangers of ·his employment, and how to perform his duties.

A new cause of action distinct from that set out in the declaration can not be brought into the case by an additional count after the time for suing upon it has expired. The statute of limitations can not be avoided in that way. Where the statute of limitations is pleaded to additional counts filed after the time for suing has expired, as in this case, the question presented is whether the additional counts set up a new cause of action, or merely restate the cause of·action set up in the original declaration. Chicago B. & Q. R. R. Co. v. Jones, 149 Ill. 361; Swift & Co. v. Madden, 165 Ill. 41. The latter case says the cause of action in such a case as this is " the act or thing done or omitted to be done by the one which confers the right upon another to sue; in other words, the act or wrong of defendant toward the plaintiff which causes a grievance for which the law gives a remedy." What was the act or wrong of defendant toward plaintiff which caused the grievance for which plaintiff originally brought this suit? The cause of action, as we view it, was not merely the injury to plaintiff, for he could not have recovered for that alone, but was the negligence of defendant set out in the original declaration and

Harper v. I. C. R. R. Co.

resulting in the injury. That was active. It consisted in negligently causing the cars plaintiff was coupling to be violently started and moved, and negligently striking and driving the one upon the other, whereby plaintiff's hand was caught and crushed. The negligence set out in the additional counts is passive. It is that defendant omitted to give instructions to a minor employe, when it was its duty to have done so. The former negligence occurred at the moment of the injury; the latter was at some prior time, when plaintiff was hired and set at this work. Plaintiff could properly file new counts amplifying and enlarging upon the manner in which the cars were driven together, and could give the details of their negligent management in additional counts, without making them obnoxious to the statute of limitations. That would be merely restating with more precision the cause of action set out in very general terms in the original declaration. But the negligence stated in the amended declaration is wholly different from that stated in the original. They bear no relation to each other. The charge of failure to instruct a minor employe is not a restatement of the charge of violently starting and moving and negligently striking and driving cars together. Under the original declaration, plaintiff could not have been permitted to prove his own ignorance of his duties and defendant's failure to give him instruction. If there had been a trial under the amended declaration and plea of general issue thereto, after the original declaration was withdrawn, plaintiff could not have been permitted to prove that there was negligence in the way the freight cars were operated and moved. The proofs must support the allegation of negligence charged in the declaration, and plaintiff may not charge a particular negligence in his declaration, and at the trial prove and recover for another and different negligence. Stearns v. Reidy, 135 Ill. 119. All pleadings are construed most strongly against the pleader. By the amended declaration, plaintiff in effect admitted that the cars were properly operated and handled at the time he was hurt; that if he had known the dangers of the work and

how to make a coupling under such circumstances, he would not have been hurt; and his sole ground for recovery alleged in said amended declaration is that, being a minor and ignorant of the dangers of the business, and ignorant of the proper way to couple such cars, the defendant owed to him the duty of telling him the dangers, and of instructing him how to make a coupling; that defendant omitted to perform that duty; and because it omitted that duty, plaintiff did not make the coupling in the proper way, and did not exercise the care for his own safety which he would have exercised if he had been properly instructed, and because of the omission of such instruction, his hand was caught and crushed. We are of opinion, the amended declaration stated an entirely different cause of action from that embraced in the original declaration, and therefore the demurrer to the pleas of the statute of limitations was properly overruled.

As this conclusion disposes of the case, we think it unnecessary to discuss the cross-errors further than to say we consider them not well assigned. The judgment of the court below will be affirmed.