## Charles S. Leeds v. George P. Townsend.

1. RECEIVERS—*Of Partnership Assets—Rules as to Appointment of.*—In case of doubt as to the existence of a partnership, courts of equity will not interfere by a receiver. Yet if, from the affidavits presented upon the application, it satisfactorily appears that there is a partnership, and that defendant is in possession of most of the assets, denying the other partner access thereto, the court may properly appoint a receiver, although the defendant by affidavits denies the existence of a partnership.

Bill, for an accounting and a receiver. Appeal from the Superior Court of Cook County; the Hon. HENRY V. FREEMAN, Judge, presiding. Heard in this court at the October term, 1897. Affirmed. Opinion filed March 3, 1898.

GREEN, ROBBINS & HONORE, attorneys for appellant.

HECKMAN & ELSDON and HEATH, CARNAHAN & STOLL, attorneys for appellee.

Leeds v. Townsend.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

This is an appeal from an interlocutory order appointing a receiver of the property of an alleged partnership. The case was heard in the Superior Court upon bill, answer, replication, affidavits and counter-affidavits, and the court entered an order appointing a receiver and directing appellant to turn over to such receiver 237 shares of stock in a railroad construction company.

The principal controversy of fact in the case arises upon the question of the existence of the copartnership. It is not denied that there was originally an oral understanding— more or less definite—for a joint venture.

Appellee alleges that he entered into an explicit copartnership agreement with appellant, by which they were to share the profits of their joint venture. Appellant alleges, in effect, that no partnership was ever specifically agreed upon, and that whatever partnership was created by their joint undertaking was afterward abandoned or dissolved. Appellee denies that any such abandonment or dissolution ever occurred. Appellant does not deny that he refused to account to appellee, or that no accounting was ever made by him to appellee, but claims that appellee is not entitled to such accounting.

The evidence presented to the court consisted of letters written by appellant to appellee (undisputed, save as to the one set forth in the answer), and of affidavits. The letters show very conclusively that there was such a joint interest as, at the beginning of the undertaking, and during its continuance while this correspondence was carried on, constituted the parties copartners. A decided preponderance of the evidence presented by affidavits supports this conclusion. The denial of copartnership by appellant is supported, if at all, by his answer as to an abandonment or dissolution. Upon this question there was a conflict. And upon the issue thus presented we think that the conclusion reached by the chancellor was fully warranted.

The appellant does not stand in precisely the same position in objecting to this receivership as one might who

denied that any copartnership had ever existed.  He in effect
admits that there was originally a joint interest, and he
assumes the burden of showing when and how the relation
was terminated.  But even if he explicitly denied by his
answer that any copartnership had ever existed, it would
not therefrom necessarily follow that the appointment of a
receiver would be improper.

" While it is true, as has thus been shown, that in cases of
doubt as to the existence of partnership, courts of equity
will not interfere by a receiver, yet if, from the affidavits
presented upon the application, it satisfactorily appears that
there is a partnership, and that defendant is in possession of
most of the assets, denying the other partner access thereto,
the court may properly grant the aid of a receiver, although
defendant by affidavits denies the existence of a partnership.
In other words, the mere denial by the defendant partner
of the existence of a partnership is not sufficient to prevent
the appointment, when the court is satisfied from the evi-
dence in support of the application that a partnership really
exists.   High on Rec. (3d Ed.), Sec. 479.

In Hottenstein v. Conrad, 9 Kan. 435, Mr. Justice Brewer,
speaking for the court, says :  " A court having the right
to hear testimony as to a fact, upon a motion has a right to
find the existence of that fact.  Wherever an application
for a receiver in a partnership case is made, the court has to
hear some testimony as to the existence of the partnership.
Ordinarily there is on this point no counter testimony, yet
the court finds, on the testimony presented on a motion,
that there was a partnership.  Having power to make such
a finding, that power is not taken away by the introduction
of counter testimony.  It must still find as to the fact.  What-
ever a court may examine into on motion, it may also deter-
mine.   Its determination for the purpose of the motion estab-
lishes the fact."

Neither the authorities cited, nor the determination of
this appeal, are in any way in conflict with the wise and
salutary rule contended for by counsel for appellant, viz.:
that courts should not resort to the power to appoint receiv-
ers, except in a clear case.

It is because, upon the showing made upon this motion we regard this as a clear case, that we affirm the order.

We can not assent to the contention of counsel for appellant that the copartnership was formed to accomplish an unlawful purpose.    The order is affirmed.