## James Murphy, Elzina Le Fever, Jane Side and Ann Bacon v. Palmer Murphy.

1. CONSIDERATION—*Adjustment of a Controversy.*—The adjustment of a controversy honestly inaugurated is a sufficient consideration to support an agreement.

Assumpsit.—Trial in the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Judgment for defendant on demurrer; appeal by plaintiff. Heard in this court at the May term, 1899. Reversed and remanded. Opinion filed September 20, 1899.

KIMBROUGH & MEEKS and WILSON & BUCKINGHAM, attorneys for appellant.

EDWIN WINTER and G. F. REARICK, attorneys for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

Appellants sued appellee at law in an action of assumpsit, and it is averred in the declaration, in substance, that Jeremiah Murphy, the father of all the parties, by his last will, devised all his property, both real and personal, to his wife, Mary Murphy, for life, and at her death one-fourth part of his lands to the appellee, Palmer Murphy, and three-fourths of such lands to the appellants and appellee in equal parts, which will was duly probated in Vermilion county, January 6, 1897. Mary Murphy, widow, died March 11, 1898. Appellee, on March 17, 1898, filed his bill in the Circuit Court for a partition of the lands referred to in the will, claiming a right to such partition and division in accordance with the terms

of the will, to which the appellants were made parties defendant, and duly served with process. Appellants employed counsel to file answer and cross-bill in the partition suit to contest the will of Jeremiah Murphy, upon the ground it was obtained by the undue influence of appellee, and that testator was of unsound mind, incapable of making a will at the time it was executed. Appellee, knowing the purpose of appellants in this respect, requested them not to file answer and cross-bill in the partition suit, or prosecute such cross-bill and contest of the will of their father, as they were intending and proceeding to do, and then promised appellants if they would so refrain as requested he, appellee, in consideration of the same, would amend his bill and the prayer thereof, and thereby cause a division and distribution of the proceeds of the sale of the lands to be made between the parties interested in such proportions as that he, appellee, would receive one-fourth thereof and the appellants the remaining three-fourths. In consideration of such promise of appellee, appellants did refrain from filing answer and cross-bill and contesting such will, dismissed their solicitors, departed the court and relied upon the promise of appellee so made upon such consideration. Afterward appellee, in disregard of his promise, permitted a decree of partition, sale and distribution in accordance with the interests as described in the will, and out of the proceeds of the sale thereof, $6,400, after the payment of $323.92 costs, the appellee received one-fourth of the balance, and also one-fifth of the remaining three-fourths, whereby he received $924.40, for which he is liable to pay appellants in accordance with his said promise, which he failed and neglected to do.

To the declaration appellee pleaded the statute of frauds, to the effect that the supposed promises and undertaking were of and concerning a contract for sale of lands, and a certain interest in such lands and the proceeds thereof for a longer term than one year, and no agreement, note or memorandum was ever made thereof, or was signed by defendant, or by any person authorized by him in writing, etc.

Appellants demurred to such plea, which the court over-ruled, and they abiding by such demurrer, the court gave final judgment in bar of the action and for costs against appellants, who prosecute this appeal, assigning such action of the court for error, whereby they seek a reversal of such judgment.

If appellee had performed his promise to amend the bill in the partition suit, no question of the statute of frauds could ever have arisen. This he could have done by setting up the oral agreement recited in the declaration, which would have been a proper basis in equity for the distribution of the estate, so as to transfer a good title to the purchaser, but this part of his promise he failed to perform, and to this feature of the oral agreement alone, in our opinion, is the statute of frauds applicable, and by the violation of which appellee was taken out of the case. Concerning the remaining terms of his oral contract, we think they stand independently of that which affected the title of the land, and in legal effect bound the appellee not to convey any interest in land merely, but to pay appellants an amount equal to the proceeds of the sale of one-fifth of three-fourths of the land, if appellants would abandon their purpose of contesting the will, in which, if they had been successful, appellee's claim would have been reduced to one-fifth instead of one-fourth, secured to him by the oral agreement. From the facts recited in the declaration, there was a contest between the parties whether the will was valid and should stand, and it was in settlement of the prospective litigation concerning it the agreement was made, and in consequence all further effort to set aside the will was abandoned. It was the adjustment of a controversy, as we must suppose honestly inaugurated, and that always has been regarded as a sufficient consideration to support an agreement. Honeyman v. Jarvis, 79 Ill. 318; Pool v. Docker, 92 Ill. 501. And it is familiar law that one promise is sufficient consideration for another. We can not regard the contract set forth in the declaration in any other light than a simple promise to pay appellants a stipulated amount, to be measured by the

value of one-fifth of three-fourths of the land in controversy, in consideration of their abandonment of their purpose to contest the will of their father, and if we are correct in such conclusion, and we feel well advised concerning the same, the statute of frauds, was no answer to the declaration, and the demurrer should have been sustained to such plea.

For the error in overruling the demurrer to the plea of the statute of frauds the judgment of the Circuit Court will be reversed, and the cause remanded to that court, with directions to sustain the demurrer.  Reversed and remanded.