## James Murphy et al. v. Palmer Murphy.

1. CONSIDERATION—*A Promise for a Promise.*—It is a familiar prin-ciple of law that one promise is a sufficient consideration for another promise.

2. RES ADJUDICATA—*Decisions of the Appellate Court.*—Under the provisions of the Appellate Court act the opinions of this court in cases submitted to it for its determination and decided by it are of binding authority in such cases, not only upon the court, but upon the parties to the action and this court is without power to reconsider the reasons for its decision.

Assumpsit.—Error to the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding: Heard in this court at the November term, 1900. Affirmed. Opinion filed February 28, 1901.

KIMBROUGH & MEEKS and GEO. T. BUCKINGHAM, attorneys for plaintiffs in error.

WINTER & REARICK, attorneys for defendant in error.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This suit was before us at a former term (84 Ill. App. 292), and the judgment of the Circuit Court was then reversed and the cause remanded for the reasons stated in the opinion, and to which we refer without repetition here. After the cause had been re-instated in the trial court the demurrer to the plea of the statute of frauds, in obedience to the directions of the court, was sustained. The general issue was then filed and a trial by jury ensued. At the close of plaintiffs' evidence defendant moved the court to direct a verdict, which was denied. At the close of all the evidence the motion was renewed, and pending that motion two special pleas were filed by leave of the court in effect setting up the decree and order of distribution, and distribution thereunder, in the partition case referred to in the declaration, by way of estoppel and former adjudication. The court overruled a demurrer to the special pleas and the plaintiffs stood by the demurrer. The court then directed a verdict for the defendant, which being returned and the court having overruled plaintiffs' motion for a new trial, gave judgment against the plaintiffs in bar of the action, to reverse which they prosecute this writ of error, and argue the action of the court in so directing a verdict to effect such reversal.

It is first insisted by counsel for the defendant in error that inasmuch as there is no assignment of error in this court to challenge the action of the court in overruling the demurrer to the special pleas, and those pleas, standing in the record as confessed and unanswered, were and are a bar to the action, thereby eliminating all questions from

the case, that there is now nothing for this court to pass upon. A sufficient answer to this, however, is, we think, that the pleas in question introduced no new facts into the case. The statements of the declaration, together with all the inferences proper to be drawn from it, contained the same facts that were averred in the pleas, and aside from the mere conclusions of the pleader, which should be disregarded, the pleas were a mere repetition in that respect of the declaration, and the filing of such pleas and the ruling of the court upon them was merely supererogation, not affecting the merits of the declaration and the evidence introduced under its averments.

In our former opinion the court said :

" From the facts recited in the declaration there was a contest between the parties whether the will was valid and should stand, and it was in settlement of the prospective litigation concerning it the agreement was made, and in consequence all further effort to set aside the will was abandoned. It was the adjustment of a controversy, as we must suppose honestly inaugurated, and that always had been regarded as a sufficient consideration to support an agreement. Honeyman v. Jarvis, 79 Ill. 318; Pool v. Docker, 92 Ill. 501. And it is familiar law that one promise is sufficient consideration for another. We can not regard the contract set forth in the declaration in any other light than a simple promise to pay appellants a stipulated amount to be measured by the value of one-fifth of three-fourths of the land in controversy, in consideration of their abandonment of their purpose to contest the will of their father."

We think the weight of the evidence proves the material allegations of the declaration, and establishes the promise of defendant as we defined it in the opinion from which we have quoted.

" Under the provisions of the Appellate Court act the previous opinion filed in this cause is of binding authority herein, and however much disposed we might be to reconsider the reasons of the court for its decision expressed in that opinion, we have no right to do so. Such a practice would produce judicial chaos. That opinion and the reasons and the judgment of the court, expressed upon the

same facts in the same case before us, are binding upon the parties herein and upon the court." Wilson v. Carlinville Nat. Bank, 87 Ill. App. 364, subsequently affirmed by the Supreme Court.

The argument of defendant's counsel, based upon the assumed conclusiveness of the decree, order of distribution and distribution, we think, has no force, because it is not applicable to the real issue in the case. There is and can be no doubt, as an abstract question, of the finality and conclusive force of a judgment or decree of a court of proper jurisdiction affecting the matters adjudicated upon. No one denies this, and it would be conceded by all. Such, however, is not the point at issue in the case presented. The issue in this suit is whether defendant promised to pay to plaintiffs a certain sum of money upon the consideration stated. This issue was not involved in the partition suit, nor was it decided one way or the other by the court. It was in no way referred to in the pleadings, the evidence nor the decree. It is not even claimed that the subject-matter of the promise of the defendant was adjudicated upon by the court in its order of distribution; but, it is insisted, because it was not, the plaintiffs are barred. The promise was no part of the muniments of title to the land in the partition suit, and unless the defendant, who had control of that suit, would voluntarily move the court to enter the order of distribution, as he now contends it should have been made, in order that plaintiffs might have their just rights, the court could make no other order than was made. Defendant has already received the money he promised, upon sufficient consideration, to pay to the plaintiffs, and we know of no reason in equity and good conscience why he should not pay it to them, and the judgment of the Circuit Court will therefore be reversed and the cause remanded for a new trial, and for other proceedings not inconsistent with the views herein expressed. Reversed and remanded.