## Leroy Payne Co. v. Knell Van Evra.

1. PERSONAL INJURIES—*Effect of Admitting the Payment of Wages.*
—In an action for damages resulting from personal injuries, where it appears from the admission of the plaintiff that she had been paid her wages during the time she lost her employment because of her injuries, further inquiry as to her loss of wages as an element of damages is at an end.

Trespass on the Case, for personal injuries.    Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901.    Affirmed. Opinion filed March 29, 1901.

JAMES J. BARBOUR, attorney for appellant.

BULGER & GLASS, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

This appeal is from a judgment recovered by appellee for $750, in a suit brought by her against appellant for personal injuries.

She was riding a bicycle on the Lake Shore Drive, and was injured by a collision with one of appellant's double carriages driving in the opposite direction.    As to whether the appellee was in due care for her own safety, and appellant, by its servant, the driver of the carriage, was guilty of negligence, are questions that have been argued with much plausibility, and with force also, from the conflicting evidence disclosed by the record.    But, after all that has been said, such questions were peculiarly for the jury.    Several witnesses, on a side, to the scene, testified in direct opposition to each other as to the material points in the case, and so far as we can discover they were equally credible and worthy of confidence, barring the plaintiff's interest in the case, and the driver's wish to shield himself from the charge of a failure to observe his duty.    We can not disturb the verdict that has been approved by the court, under such

circumstances. The numberless decisions do not need to be cited in support of the proposition.

In an instruction given in behalf of the appellee, the jury are told that they may take into consideration, among other things, in arriving at appellee's damages, " the business she was engaged in, if any, at the time she was injured." This is the only part of the instruction that is complained of, and the point of the objection is that appellee admitted that she was paid her wages during all of the six weeks or more that she lost from her employment, because of the injury. That fact being made to appear, the trial court ruled that further inquiry as to her loss of wages was at an end, there being no other loss claimed in that respect.

The business of the appellee was a proper subject of consideration by the jury, not for the purpose of determining the extent of her loss of wages, but as affecting her generally.

She was a stenographer, living alone, and the part of the instruction that is found fault with, was favorable rather than otherwise to appellant.

One with large responsibilities, might have been considered as entitled to greater compensation than the mere amount earned by her in an outside employment.

There is no ground shown for a reversal of the judgment and it will be affirmed.