## Charles S. Leeds v. George P. Townsend.

### Gen. No. 12,166.

1. FORMER DECISION—*when binding in subsequent appeal.* The decision upon one appeal is *res judicata* upon a second appeal in the same case notwithstanding additional assignments of error may be made raising upon the second appeal questions which were not raised upon the first.

Bill for accounting. Error to the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Affirmed. Opinion filed February 20, 1906.

KNIGHT & BROWN, for plaintiff in error.

HECKMAN, ELSDON & SHAW and CARNAHAN, SLUSSER & COX, for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This case has been twice before this court, and the facts as well as the views of the court upon the questions then presented are fully set forth in Leeds v. Townsend, 74 Ill. App., 74, and *Idem,* 89 Ill. App., 646. In the opinion last mentioned we reversed a former decree and remanded the cause for further proceedings not inconsistent with the views then expressed.

A motion is now pending which was reserved for the hearing, asking us to affirm *pro forma* the decree now appealed from. The grounds of the motion are that the former decree was reversed because we then held that defendant in error herein was entitled to an accounting as to what was known as the "Starr stock" then in possession of plaintiff in error; that therefore it is only as to such accounting that additional evidence could lawfully have been introduced in the proceedings now presented for review; that defendant in error expressly waived such accounting and hence no additional evidence was necessary; that none was in fact taken and that the decree now brought up for review was entered solely upon the former evidence and the express mandate of this court. It is urged therefore that except for the accounting which plaintiff in error waived and therefore eliminated from further consideration, the judgment before entered in this court was a final judgment binding in law, not subject here to further review.

It is contended in behalf of plaintiff in error Leeds (hereinafter referred to as plaintiff) that the errors assigned upon the present record "are essentially different from those assigned upon the prior appeal, and that the doctrine of *res adjudicata* does not apply." The argument is that "where the same questions are involved upon the same state of facts there is no doubt as to the rule (*res adjudicata*) but here we

have new questions presented which have never been before
this court prior to this appal, as shown by the assignment of
errors herein." There is no claim that the same state of
facts considered upon the former appeal is not here involved.
The contention is that the "test as to whether the doctrine
of *res adjudicata* will apply, is whether the same error has
been assigned;" since, as it is said, "an assignment of errors
in the Appellate Court performs the same office as the plead-.
ings in a court of original jurisdiction." We do not concur
in any such view. It is true doubtless that an assignment
of errors in this court performs the same office as a declaration
in a court of original jurisdiction, that is, this court will not
affirm or reverse a judgment where there is no assignment of
errors. Ditch v. Sennott, 116 Ill., 288. But it would
scarcely be contended that because a party had omitted from
his declaration some matter which he subsequently thinks
would have helped his case, he will be allowed to sue over
again and file a new declaration after final judgment had gone
against him in the former suit upon the same facts and the
same cause of action between the same parties. In Kitson v.
Farwell, 132 Ill., 399, it is said that a former judgment is
conclusive as to every matter directly and properly at issue in
that suit. Such judgment is regarded as conclusive not only
as to matters actually litigated, but as to other matters which
the parties might have raised and had determined. Allen v.
Haley, 169 Ill., 522, 535. It is conclusive "whenever the
same questions or the same rights or titles are again drawn
in issue." Hawley v. Simons, 102 Ill., 115–118. "If the
same matters were involved in that case as are involved in
this, and the transactions were between the same parties, the
decision must be held conclusive." Ruegger v. I. & St. L.
R. R. Co., 103 Ill., 449–456. "The rule deducible from the
cases in this State is that a question which is involved within
the issues of a former controversy is conclusively settled, as
between the parties, by the decision in that controversy,
whether the court in its judgment passed specifically on that
particular question or not." U. P. Ry. Co. v. C. R. I. & P.

Ry. Co., 164 Ill., 88–105.  See also Smyth v. Neff, 123 Ill., 310–318.

It is useless to multiply citations.  The new question which plaintiff's counsel claims is presented by the record before us is in substance whether the Superior Court erred in not finding that the agreement between the parties was a partnership agreement for the ownership and control of a street railroad, and that such agreement is void at law.  This alleged new question arises, if at all, upon the same evidence in the same action between the same parties on the same pleadings heretofore passed upon.  Under the authorities we think there can be no doubt that as to this and all questions which were involved within the issues of the controversy heretofore determined in this Court our former decision must be deemed conclusive.  It is not moreover apparently a new question in the case.  It appears to have been raised and expressly considered.  When the cause was first heard in this court on appeal from an interlocutory order appointing a receiver, it was said:  "We cannot assent to the contention of counsel for appellant (plaintiff in error here) that the co-partnership was formed to accomplish an unlawful purpose." Leeds v. Townsend, 74 Ill. App., 444–447.

Other questions are argued in the briefs filed by plaintiff's counsel which were specifically disposed of in our former opinion, notably whether there can be a partnership where there is an agreement to share profits with no provision as to sharing losses.  Such questions will not be reconsidered.

We may add, we do not regard Goddard v. C. & N. W'n Ry. Co., 202 Ill., 362, nor Wilder v. Aurora, DeKalb & Rockford Electric Traction Co., 216 Ill., 493, as having any application in the case before us.  The partnership agreement is not subject to the construction sought to be placed upon it. The parties did not undertake in or by that agreement to own, control or operate as individuals a street railroad.  At the former hearing counsel for plaintiff in error urged that the agreement was for the promotion only of the construction of a railroad in the usual manner "by organizing a railroad cor-

poration to own and operate the road, and a construction company to build it."

The decree of the Superior Court will be affirmed.

*Affirmed.*