Manton Davis, Defendant in Error, v. Michael Munie,
Administrator of the Estate of William Pohlman,
deceased, Plaintiff in Error.

1. Appellate courts—*when judgment of, binding*.  The judg-
ment of the Appellate Court rendered in the first appeal of a cause
is *res judicata* in a second appeal as to all persons who were parties
to the proceeding at the time of such first appeal, not only as to the
questions actually decided, but as to all questions which might
have been decided if properly presented.

Contested claim in Court of Probate.  Error to the Circuit Court
of St. Clair county; the Hon. R. D. W. Holder, Judge, presiding.
Heard in this court at the August term, 1907.  Affirmed.  Opinion
filed March 18, 1908.

Winkelman & Baer, for plaintiff in error.

Stanley D. Pearce and Wise & McNulty, for de-
fendant in error.

Mr. Justice Creighton delivered the opinion of the
court.

This was a claim by defendant in error, filed in the
Probate Court of St. Clair county, against the estate
of plaintiff in error's intestate, William Pohlman.
From the judgment of the Probate Court the cause
was appealed to the Circuit Court of St. Clair county,
where the case was tried *de novo*, resulting in a judg-
ment in favor of the plaintiff in error here, who was
defendant in the Circuit Court.  Defendant in error,
who was plaintiff in the Circuit Court, prosecuted an
appeal to this court, where the judgment of the Cir-
cuit Court was reversed and the cause remanded.  See
Manton Davis, appellant, v. Estate of William Pohl-
man, appellee, 128 Ill. App. 206.  In pursuance of
our remanding order the cause was reinstated in the
Circuit Court and again tried, resulting in a judg-
ment in favor of plaintiff, who is made defendant in
error in this proceeding, for the sum of $6,260.26.

This case is returned to us in all material respects the same as on the previous occasion, with the exception only that upon the trial in pursuance of the remanding order, the Circuit Court, as it was bound by law to do, followed the opinion of this court, and rendered judgment in favor of the plaintiff. The same law that bound the Circuit Court to follow our former opinion binds us to adhere to that opinion.

Under the provisions of the Appellate Court Act the previous opinion rendered in a cause is of binding authority in that cause, not only upon the parties and the trial court, but also upon the Appellate Court. "Upon the second appeal of a case to the Appellate Court the judgment of such court rendered in the first appeal is *res judicata* as to all persons who were parties to the proceeding at the time of such first appeal not only as to questions actually decided but as to all questions which might have been decided if properly presented." Where the parties, the issues and the evidence are substantially the same, "the decision upon one appeal is *res judicata* upon a second appeal in the same case notwithstanding additional assignments of error may be made raising upon the second appeal questions which were not raised upon the first." Leeds v. Townsend, 124 Ill. App. 582; Christensen et al. v. The People, 114 Ill. App. 40; Leroy Payne Co. v. Van Evra, 94 Ill. App. 356; Murphy v. Murphy, 93 Ill. App. 671; Wilson v. Carlinville National Bank, 87 Ill. App. 364.

We may say in this case as was said by the learned justice who wrote for the court in the case last above cited: "Under the provisions of the Appellate Court Act the previous opinion filed in this case is of binding authority herein, and however much disposed we might be to reconsider the reasons of the court for its decision expressed in that opinion, we have no right to do so. Such a practice would produce judicial chaos. That opinion and the reasons and judgment of the

court, expressed upon the same facts in the same case before us, are binding upon the parties herein and upon this court. It would be as much impertinence for us, as it would have been for the trial court, to disregard our former opinion. The case has been disposed of by the trial court in conformity with the law as we have previously stated it, and independently of the binding authority of the former opinion, we are well satisfied with our view as therein expressed, and we affirm the doctrine contained therein.''

The judgment of the Circuit Court is affirmed.

*Affirmed.*