## Anna M. Conner, Appellant, v. Charles F. Conner, Appellee.

1. RES JUDICATA—*effect of former opinion.* The opinion of the Appellate Court filed on one appeal of a cause is as to such cause thereafter binding not only upon the trial court but upon the Appellate Court itself.

2. FRATERNAL BENEFIT SOCIETIES—*when earlier beneficiary recognized.* While as a general proposition the beneficiary has no vested interest in a fraternal benefit certificate an equitable interest in the beneficiary will be recognized and enforced in a court of equity.

Bill of interpleader. Appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the November term, 1910. Reversed and remanded with directions. Opinion filed October 14, 1911.

S. F. SCHECTER and ACTON & ACTON, for appellant.

O. M. JONES and ARTHUR R. HALL, for appellee.

*Per Curiam.* This case presents a contest between appellant and appellee as adverse claimants of a fund of $2,000, brought into court in pursuance of a decree of the circuit court of Vermilion county upon a bill of interpleader by the Modern Woodmen of America against Anna M. Conner and Charles F. Conner, the respective parties to this appeal.

The Modern Woodmen of America is a fraternal benefit society, organized under the laws of Illinois with respect to such societies, and the fund in question is the proceeds of a benefit certificate issued by said society to one James B. Conner, who was the husband of the claimant, Anna M. Conner, and a brother of the claimant, Charles F. Conner. This case in its present form was before this court on a former occasion and is reported in 145 Ill. App. at page 608, to which we refer for a more detailed statement of the case and as to the questions there decided.

The opinion and judgment of this court on the former appeal were not only binding upon the circuit court to which the cause was remanded for further proceedings not inconsistent with the views therein expressed, but bind this court upon this appeal. Leeds v. Townsend, 124 Ill. App. 582; Christensen et al. v. The People, 114 Ill. App. 40; Leroy Payne Co. v. Vam Evra, 94 Ill. App. 356; Murphy v. Murphy, 93 Ill. App. 671; Davis v. Munie, 140 Ill. App. 171; Wilson v. Carlinville National Bank, 87 Ill. App. 364. In the case last cited the court says: "Under the provisions of the Appellate Court Act the previous opinion filed in this cause is of binding authority herein, and however much disposed we might be to reconsider the reasons of the court for its decision

expressed in that opinion, we have no right to do so. Such a practice would produce judicial chaos.''

It is true that upon the re-docketing of this case in the circuit court, in pursuance of the remanding order, the case was again referred to the master and considerable testimony taken, but this additional evidence does not eliminate from the case any legal question or equitable principle involved in the former appeal, nor does it introduce into the case any such not so involved. After a careful examination and consideration of all the evidence as it now appears in the record, and independently of the binding authority of the former opinion, we are satisfied with the views in the former opinion expressed.

Appellee bases his claim of right to take the whole of the fund in question, upon the general principle that the beneficiary named in a certificate of the character of the one in question here, has no vested interest, and that the member may change the beneficiary at any time,—that the beneficiary named always takes the certificate subject to the right in the member to make such change. In a strict sense, in a legal as contradistinguished from an equitable sense this is true, but as held in our former opinion that there in an equitable principle applicable, under which in a particular class of cases of this general class, a court of equity will recognize an equitable interest in one who has been named as a beneficiary in such certificate, and will enforce that interest against a subsequently named beneficiary, when the fund becomes payable. We regard the case at bar as typical of that particular class, and the parties and the funds are all in a court of equity.

The opinion of this court on the former appeal disposes of every question involved in this case, except certain questions of fact fully covered by the evidence taken before the master on the two references. The case has been in court for a long time, more than six years. It is apparent that the decree of the circuit

court should be reversed, and we feel it our duty to direct a decree.

We find that the said James B. Conner was not induced to change the beneficiary named in his said certificate from appellant, his wife, to appellee, his brother, by either fraud or undue influence as averred in appellant's amended answer and that appellant, Anna M. Conner is not entitled to have the whole amount of the said fund of $2,000, but we find that she has an equitable interest therein to the amount of $375, with interest at the rate of 5 per cent per annum for the period of six years and six months, being the total sum of $496.87; that appellee, Charles F. Conner, is not entitled to have the whole amount of said fund of $2,000, but that he is entitled to have the remainder of said fund after the payment therefrom of the sum of $496.87, to the said Anna M. Conner.

The decree of the circuit court is reversed and the cause remanded with directions to that court to enter a decree in accordance with the foregoing opinion and the findings therein made.

*Reversed and remanded with directions.*