## W. J. Elzy for use of the Farmers' Bank of Gays, Appellee, v. First National Bank of Findlay, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Coles county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded. Opinion filed October 13, 1915.

### Statement of the Case.

Garnishment proceedings by W. J. Elzy, for use of the Farmers' Bank of Gays, plaintiff, against the First National Bank of Findlay, garnishee. From a judgment for plaintiff, defendant appeals.

This is the second appeal of this cause to this court. The opinion on the former appeal reversing and remanding the case appears in 180 Ill. App. 711, where

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the facts are stated as the case then appeared. After the case was redocketed, Fred Morrison withdrew his interpleader.

The Bank of Findlay filed a plea averring that after the beginning of this garnishment suit, Fred Morrison had begun a suit in chancery against the Bank of Findlay, the Farmers' Bank of Gays, W. J. Elzy and other named defendants, in which Morrison was claiming the same money sought to be garnisheed, that the Circuit Court had dismissed said bill, and that an appeal had been prayed and was undetermined. The plea concluded with a prayer that "this suit may abate until the said cause now pending in the Appellate Court is fully adjudicated." The court sustained a demurrer to this plea. This ruling was assigned for error.

The plaintiff did not offer in evidence any record of any judgment in favor of the Farmers' Bank of Gays against Elzy, or of any execution or return thereon.

E. A. RICHARDSON, for appellant.

VAUSE, HUGHES & KIGER, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

## Abstract of the Decision.

1. ABATEMENT AND REVIVAL, § 49*—*when plea of pendency of another action is bad on demurrer.* A plea by a defendant in a garnishment suit averring that after the beginning thereof a suit in chancery, seeking recovery of the same money sought to be garnished, had been instituted, and that a decree therein was still pending on appeal, and praying that the garnishment suit may abate until such chancery suit be fully adjudicated, *held* bad on demurrer.

2. APPEAL AND ERROR, § 1725*—*when prior decision law of case.*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Questions disposed of on appeal are not reviewable on a subsequent appeal.

3. GARNISHMENT, § 100*—*when evidence sufficient to sustain judgment*. To entitle a plaintiff in garnishment proceedings to a judgment, there must be evidence of a judgment recovered by him against the original debtor, issue of an execution thereon and a return "no property found."