(No. 11638.—Decree affirmed.)

THE CITY OF CHICAGO *et al.* Appellants, *vs.* THOMAS E. DEMPCY *et al.* Appellees.

*Opinion filed December 19, 1917.*

RES JUDICATA—*when a former decision is conclusive on second appeal.* A decision of the Supreme Court is conclusive on a second appeal in the same case where the lower court has correctly carried out the mandate of the Supreme Court and every question presented by the record and assignments of error on the second appeal was considered and decided on the first one.

APPEAL from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding.

SAMUEL A. ETTELSON, Corporation Counsel, (CHESTER E. CLEVELAND, and RALPH G. CRANDALL, of counsel,) for appellant the city of Chicago.

W. W. GURLEY, HARRY P. WEBER, and GEORGE W. MILLER, for other appellants.

EDWARD J. BRUNDAGE, Attorney General, (GEORGE T. BUCKINGHAM, WILLIAM E. TRAUTMAN, MATTHEW MILLS, and RAYMOND S. PRUITT, of counsel,) for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The city of Chicago filed its bill in this case in the circuit court of Cook county against the State Public Utilities Commission of Illinois and its members, praying for an injunction against the enforcement of an order made by the commission by virtue of the authority conferred by the act entitled "An act to provide for the regulation of public utilities," (Laws of 1913, p. 460,) requiring the railway companies to furnish the means of transportation and service therein specified within the city of Chicago, on the ground that the order was beyond the power of the com-

mission and was null and void.  The railway companies filed a joint and several answer admitting the allegations of the bill, and filed a cross-bill against the city, the commission and the members of the commission, praying for the same relief asked for by the original bill.  By order of the court the original bill of the city was directed to stand as an answer to the cross-bill.  The State Public Utilities Commission and its members demurred both to the original bill and the cross-bill.  The court overruled the demurrers, and the demurrants having elected to stand by their demurrers, a decree was entered perpetually enjoining the enforcement of the order.  From that decree the State Public Utilities Commission and its members prosecuted an appeal to this court, and upon a consideration of the errors assigned the decree was reversed and the cause remanded, with directions to sustain the demurrers to the bill and cross-bill.  (*City of Chicago* v. *O'Connell,* 278 Ill. 591.)  The cause was reinstated in the circuit court, and the present Public Utilities Commission, created by an act entitled "An act in relation to the civil administration of the State government, and to repeal certain acts therein named," (Laws of 1917, p. 4,) and the members thereof, were substituted as defendants to the bill and cross-bill.  The demurrers to the bill and cross-bill were sustained and they were dismissed for want of equity.

Every question presented by the present record and assignments of error was considered and decided on the former appeal, and the circuit court, upon the re-instatement of the cause, obeyed the mandate of this court, as by law it was bound to do.  The former decision is conclusive on this appeal, (*Rising* v. *Carr,* 70 Ill. 596; *Hough* v. *Harvey,* 84 id. 308;) and counsel for all parties so understand.  A judgment of affirmance necessarily follows, and accordingly the decree of the circuit court is affirmed.

*Decree affirmed.*