William Gillum, Administrator of the Estate of Truman Gillum, Deceased, Appellee, v. Central Illinois Public Service Company, Appellant.

Gen. No. 8,212.

Opinion filed July 2, 1928.

JAMES VAUSE, JR., and CARL D. KIGER, for appellant; J. I. DILSAVER, of counsel.

DONALD B. CRAIG, JAMES W. CRAIG, JR., FRED H. KELLY and JAMES CRAIG VAN METER, for appellee.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

Appellee brought suit against appellant in trespass on the case to recover damages for the wrongful death of Truman Gillum, the minor son of appellee, who was 16 years of age when he was killed. Truman

Gillum's death resulted from appellant's servant striking and running over him with a street car belonging to appellant.

There were various counts in the declaration charging negligence, and the fifth count charged that appellant's servant wilfully and wantonly ran the said electric car against and struck appellee's intestate from the results of which he died.

This cause was tried at the January term, A. D. 1928, of the circuit court of Coles county. The jury, in answer to a special interrogatory submitted by appellant, specifically found that appellant was guilty of wilful and wanton negligence as charged, and rendered a verdict for $5,000 in favor of appellee. No exception was taken as to the form of the fifth count or the verdict responding to the special interrogatory.

This cause was originally brought to the April term of said court, A. D. 1926, and there was a trial at said term resulting in a verdict and judgment in favor of appellant. Upon that (the first trial), at the close of all the testimony, the court directed the jury to find appellant not guilty as to the fifth count in the declaration which charged wilfulness and wantonness. The jury then found appellant not guilty as to the counts in the declaration charging negligence. Motion for new trial in the circuit court of Coles county being overruled, judgment was entered against appellee in that court, and the case brought to this court, by appellee, for review. At the October term, A. D. 1927, of this court, we rendered an opinion reversing and remanding said cause (*Gillum v. Central Illinois Public Service Co.*, 246 Ill. App. 635) and holding that the trial court erred, among other things, in directing a verdict for appellant as to said fifth count of the declaration, and in that opinion this court said:

"In reference to the direction of the verdict of not guilty under the fifth count, which charges wilfulness in causing the injury and death of the deceased, it

is sufficient to call attention to the fact, that there is evidence in the record to show that E Street is a public street; and a public crossing; and that men, women and children use this crossing frequently; also, that the view of pedestrians is somewhat obstructed in the direction from which the car in question was approaching; also that the street car which caused the death of the deceased was approaching this crossing at a very rapid rate of speed; and that the evidence tended to show, that at the time of its rapid approach, the motorman operating the car in the manner indicated was not keeping a lookout for pedestrians who might be going over the track at the crossing; but was looking in another direction and apparently giving his attention to an engine and freight cars which were moving on railroad tracks near by the place of the injury. Whether this evidence was sufficient to sustain the charge of wilfulness or reckless disregard of life, or persons, or property embodied in the fifth count, or sufficient to show a conscious indifference to life, persons or property, was a question of fact and therefore for the jury to determine. In directing the verdict of not guilty under this count, the. court determined, that the evidence was insufficient, which was a question for the jury. *McGregor v. Reid, Murdoch & Co.,* 178 Ill. 464; *Libby, McNeill & Libby v. Cook,* 222 Ill. 206; *Kajnick v. Village of Divernon,* 244 Ill. App. 7.''

There was a general verdict against appellant in the sum of $5,000, as stated, and upon motion for new trial being overruled, judgment was entered against appellant and the cause is again brought to this court for review.

On this appeal appellant distinctly states: ''No complaint is made on the giving or refusing of instructions by the trial court or on the admission or rejection of evidence, but a reversal is sought on the ground that the evidence wholly fails to show that

plaintiff's intestate exercised any care whatever for his own safety and that the evidence is insufficient to sustain the charge made in the fifth count that the defendant was guilty of wilful and wanton negligence." Appellant, therefore, has waived all other errors assigned upon appeal. *Pearce v. Miller,* 201 Ill. 188, 189. It is not contended but that the trial in the court below was conducted upon the same pleadings and that substantially the same evidence was before the court as the pleadings and evidence upon the former trial— *Gillum v. Central Illinois Public Service Co., supra.* Upon the trial in the court below, at the close of appellee's evidence and again at the close of all the evidence, appellant, by proper motions and instructions generally and specially as to each count in the declaration, moved for an instructed verdict, all of which motions were denied and proper exceptions taken. Appellant and appellee have each devoted a considerable space in their respective briefs to the question whether appellee's testimony shows any proofs that the intestate was in the exercise of due care and caution for his own safety, at the time of the injury in question. If the merits of the controversy were dependent upon the solution of this question, we should go fully into the testimony covering the same. However, if the judgment can be sustained upon the fifth count in the declaration and the finding of the jury upon the special interrogatory, the question becomes purely academic and any contributory negligence on the part of deceased would not relieve appellant from liability. (*Walldren Express & Van Co. v. Krug,* 291 Ill. 472, 476; *Heidenreich v. Bremner,* 260 Ill. 439.)

Appellant contends that the testimony wholly fails to show a wilful and wanton injury, while it is appellee's contention, under the record in this cause, that the opinion rendered by this court, when this cause was before it on the former appeal, is *res adjudicata*

upon that question, and appellee's contention seems to be supported by former decisions of this court and a long line of authorities in the Supreme and Appellate Courts. (*Conner v. Conner,* 163 Ill. App. 436, 437; *Hollowbush v. McConnel,* 12 Ill. 203, 204; *Gillespie v. Fulton Oil & Gas Co.,* 244 Ill. 9, 13; *People v. Drainage Com'rs of Union Dist. No. 1 of Towns of Pana and Assumption,* 282 Ill. 514, 517; *People v. Young,* 309 Ill. 27, 30; *Hall v. Chicago & A. R. Co.,* 208 Ill. App. 102, 103; *Eley v. First Nat. Bank of Findlay,* 201 Ill. App. 48.)

In *Conner v. Conner, supra,* this court said: "The opinion and judgment of this court on the former appeal were not only binding upon the circuit court to which the cause was remanded for further proceedings not inconsistent with the views therein expressed, but bind this court upon this appeal. *Leeds v. Townsend,* 124 Ill. App. 582; *Christensen et al. v. The People,* 114 Ill. App. 40; *Leroy Payne Co. v. Van Evra,* 94 Ill. App. 356; *Murphy v. Murphy,* 93 Ill. App. 671; *Davis v. Munie,* 140 Ill. App. 171; *Wilson v. Carlinville National Bank,* 87 Ill. App. 364. In the case last cited the court says: 'Under the provisions of the Appellate Court Act the previous opinion filed in this cause is of binding authority herein, and however much disposed we might be to reconsider the reasons of the court for its decision expressed in that opinion, we have no right to do so. Such a practice would produce judicial chaos.' "

In the early case of *Hollowbush v. McConnel, supra,* the Supreme Court held:

"Both these questions were substantially settled when the case was here before. The first one was the very point then decided, and the Court has now no power, if it had the inclination, to reverse that decision. There is no mode provided by law, except it be upon a rehearing, whereby the final decision of a case

in this Court can be reversed or set aside at a subsequent term.

"There must be an end of litigation somewhere, and there would be none if parties were at liberty, after a case had received the final determination of the Court of last resort, to litigate the same matter anew, and bring it again and again before the Court for its decision. *Washington Bridge v. Stewart,* 3 Howard, 413; *Booth v. Commonwealth,* 7 Metc., 286."

In *People v. Drainage Com'rs of Union Dist. No. 1 of Towns of Pana and Assumption, supra,* the court affirmed the rule, holding: "The evidence then in the record did not show such connection and the cause was remanded for another trial, at which both parties were permitted to produce further evidence. In such a case, if there is no additional evidence changing the former conclusion, a party cannot have a review, by another appeal, of the questions first decided, and on the second trial the rule of law declared is binding and becomes the law of the case. *Rising v. Carr,* 70 Ill. 596; *Hough v. Harvey,* 84 id. 308; *Champaign County v. Reed,* 106 id. 389; *Newberry v. Blatchford,* id. 584; *Tucker v. People,* 122 id. 583; *Smyth v. Neff,* 123 id. 310; *Village of Brooklyn v. Orthwein,* 140 id. 620; *City of Chicago v. Lord,* 279 id. 167."

Finally, the Supreme Court said, in *People v. Young, supra:*

"Where a cause is brought to this court and considered, its judgment as to all the points and questions presented and decided will forever conclude the parties, and if the cause is again brought before the court for review such questions cannot be re-considered and they will not be open for discussion. Cases cannot be brought to this court and considered in fragments, and the court does not revise, review or change its decisions except in accordance with the rules and practice, which only permit such review upon a petition for rehearing.

On the former appeal a petition for rehearing was presented and denied, and the law, including the construction of the command of the constitution that a school district shall be of such a character that all children within the district may have the benefit of the school and receive a good common school education, was settled and finally determined. (*Hollowbush v. McConnel,* 12 Ill. 203; *Rising v. Carr,* 70 id. 596; *Smith v. Brittenham,* 94 id. 624; *Hough v. Harvey,* 84 id. 308; *Moshier v. Norton,* 100 id. 63; *Newberry v. Blatchford,* 106 id. 584; *Tucker v. People,* 122 id. 583; *Smyth v. Neff,* 123 id. 310; *Chicago Theological Seminary v. People,* 189 id. 439; *City of Chicago v. Lord,* 279 id. 167; *People v. Drainage Com'rs,* 282 id. 514; 2 R. C. L. 223.)"

Therefore, it is the opinion of this court that it has already adjudicated, on the former appeal, the identical question that is now before us and has decided that the evidence submitted was sufficient on the question of a wilful and wanton injury to submit to a jury, and that it was a question of fact to be determined by a jury. The jury, therefore, having determined that question, without any intervening error, this court is now powerless, under the authorities, to modify or change its former holding even if it were disposed so to do. It was a determination of law, as applied to the facts submitted. The same facts are again submitted, but it is urged that the Supreme Court in *Morgan v. New York Cent. R. Co.,* 327 Ill. 339, 343, since the opinion in *Gillum v. Central Illinois Public Service Co., supra,* was handed down by this court, has, for the first time, announced the law to be that the testimony of witnesses that they did not "hear" any signals given by an approaching car or train does not contradict the positive testimony of other witnesses that signals were given, nor does such negative testimony present any issue of fact for the consideration of a jury, and that

this rule applied to the facts in the case at bar would lead to a modification or reversal of our former holding. If the rule as laid down in *Morgan v. New York Cent. R. Co., supra,* and applicable to the facts in that case, should be construed as applicable to the facts in the case at bar and warrant a reversal of our former holding, upon which question we express no opinion, still, under the decisions cited it would indicate an error of law in our former conclusion which this court is now powerless to correct.

Finding no error in the record, the judgment of the circuit court of Coles county is affirmed.

*Affirmed.*